CALVIN H. RUMRILL and others *vs.* FIRST NATIONAL BANK, ST. ALBANS, VT., and others.

July 29, 1881.

**Administrator — Resignation — Removal.**—An administrator cannot resign his trust. An acceptance by the probate court, indorsed on the resignation and filed, there being no entry in the record of appointments of administrators, etc., and orders relating to the same, and nothing further being done, is not equivalent to an order of removal, or revoking the letters.

**Same — Sale of Land — Petition for License.**—In an action by heirs to contest the validity of an administrator's sale of real estate, the other things specified in Gen. St. 1866, *c.* 57, § 47, existing, and the license to sell having been granted by the probate court which appointed the administrator, it is immaterial that there was or was not a proper petition for license to sell; following *Montour* v. *Purdy*, 11 Minn. 278 (384.)

Appeal by plaintiffs from a judgment of the district court for Freeborn county, where the action was tried by *Farmer*, J., without a jury. The portion of the files of the probate court which the defendants did not offer in evidence were, (as stated in the record,) "a paper purporting to be an admission of service, which defendants claim is incompetent because it is not required by law, and a paper which purports to be a request of the minors to the probate court for the appointment of an administrator, which is also incompetent for the same reason."

*R. M. Palmer*, for appellants.

*Whytock & McAdam*, for respondents.

GILFILLAN, C. J. Ejectment. The plaintiffs claim as heirs-at-law of Hiram Rumrill, deceased. The defendants, except Keeler, who does not answer, claim under a sale by the administrator of Rumrill, upon license issued by the probate court having administration of his estate in its jurisdiction. Judgment for defendant was rendered, after a trial by the court without a jury. A sale in fact by the administrator was proved. The administrator took the oath, and gave the notice of sale required by law. At the sale the land was sold to

the defendant Keeler, who purchased in good faith. The sale was duly confirmed, and the administrator's deed, conveying the premises to Keeler, executed and recorded. Each of the defendants, the bank and A. E. Johnson, purchased in good faith, under sales on execution upon judgments against Keeler.

The papers or files of the probate court, which the defendants omitted in their offer of the record or proceedings of that court, were of no consequence so far as affecting the validity of the proceedings. It was, therefore, not error to receive the record or proceedings offered, without those papers or files. The objections to the validity of the sale, made here, are that there was no proper notice given of the hearing on the application to appoint an administrator; that, after his appointment, the administrator tendered to the probate court his resignation, which was accepted; that, without any proper proceedings by petition and notice to re-appoint him, the administrator was permitted to withdraw his resignation, and thereafter to act as administrator.

The petition for license to sell the real estate was defective in several particulars, especially that it did not show any debts of the estate, but showed only taxes against it and charges of administration. The plaintiffs are hardly in position to question the validity of the original appointment of the administrator, for, in the reply, as a basis to attack the sale, they allege such appointment, without calling its validity in question. But no defect in the notice, or in the publication of the notice, of hearing on the application to appoint an administrator, is pointed out, and none is apparent. An executor or administrator, having accepted and qualified, cannot resign his trust. The statute contemplates that the probate court may, by order, remove the executor or administrator, (Gen. St. 1866, *c.* 49, § 14, subd. 2,) or, what is the same thing, revoke the letters, (subdivision 2, section 3, same chapter,) but it contains no provision looking to a resignation, even with the consent of the court.

A resignation tendered by an executor or administrator might be good ground for removing him or revoking his letters, and an acceptance of the resignation by the court, if entered, in the form of an order, in the record which the statute requires the court to keep of

appointment of administrators, etc., with all orders relating to the same, (Gen. St. 1866, c. 49, § 8, subd. 3,) might be taken to have the effect of a removal or revocation of the letters. But a resignation tendered, and an acceptance endorsed on it and filed, no entry being made in the record, and no further act done in respect to it,— and that appears to have been all there was in this case,—can have no legal effect on the *status* of the administrator. It is, therefore, unnecessary to consider what was done on the administrator's application for leave to withdraw the resignation.

The objection to the license, on the ground that there was no proper petition for it, turns upon the construction to be given to Gen. St. 1866, c. 57, § 47, subd. 1, prescribing what things shall sustain such a sale, when its validity is contested by an heir. That subdivision reads: "That the executor, administrator or guardian was licensed to make the sale, by the probate court having jurisdiction." What is the meaning of "by the probate court having jurisdiction?" Does it mean the probate court which is designated by law to control the administration of the estate, and whose jurisdiction has attached to the subject-matter by its appointment of the administrator? or does it mean that the probate court granting the license, although it be the proper and only court which could grant it, must also, before granting it, have acquired authority to do so, through the petition and notices prescribed by the statute?

The question was practically before this court in *Montour* v. *Purdy,* 11 Minn. 278 (384.) That was a case of a guardian's sale. The language construed was Pub. St. (1849–1858) c. 38, § 23, subd. 1, as follows: "That the guardian was licensed to make the sale by a probate court of competent jurisdiction." The language in the two enactments is substantially the same—so nearly identical that, the reason for both manifestly being the same, the construction given to one must also be given to the other. The court construed the phrase to mean "the probate court whose jurisdiction it is proper to invoke in the case in hand,"—in other words, the probate court in whose jurisdiction the guardianship is pending,—and the court held that, the license to sell having been granted by the probate court which appointed the guardian, it was, where the ward attacked the sale

otherwise than by appeal, immaterial whether any of the steps pointed out as preliminary to the obtaining of the license in the regular manner have been complied with or not. We adopt for this case the reasoning in the opinion in that case.

The decision disposes of the objections in this case to the petition for license to sell, for it makes them immaterial. Similar statutes in Michigan and Wisconsin have received the same construction. *Marvin* v. *Schilling*, 12 Mich. 356; *Reynolds* v. *Schmidt*, 20 Wis. 374; *Mohr* v. *Porter*, 8 N. W. Rep. 364.

Judgment affirmed.