L. M. Brown *vs.* Minnie P. Huntsman and another.

November 29, 1884.

Guardian and Ward—Order of Removal—Appeal—Parties.—Upon an appeal by a guardian from an order removing him, any person, upon showing his right to be heard, may, without being formally entered as a party, bring the appeal to a hearing.

Same—Resignation of Guardian.—Upon a guardian tendering his resignation, the probate court may enter an order removing him.

Same—Account—Notice.—An order appointing a time and place for examining an account filed by a guardian is sufficiently served on him by publication, under Gen. St. 1878, *c.* 59, § 47. *If it is procured by him, he must take notice of its contents.*

On September 25, 1878, the appellant Brown, guardian of Anna Cora and other minor children of D. A. Huntsman, deceased, filed in the probate court of Scott county a resignation of his guardianship. Thereupon the court made an order that he personally appear on October 1, 1878, and render an account. On that day Brown filed a verified but not itemized statement of account. On October 2, 1878, the court ordered that the account be examined October 30, 1878, and that notice be given to all persons interested by publication of the order for three weeks in a newspaper published in the county. At the time fixed in the order, the court, by an order reciting the previous proceedings, the service of the order of October 2, as therein provided, and the non-appearance of Brown, removed him from office, and appointed S. A. Hooper as guardian, and directed him to bring Brown to an accounting.

From this order, Brown, on December 26, 1878, appealed, on questions of law alone, to the district court for Scott county, making affidavit that he had no notice of the proceedings on which the order was made. Hooper qualified as guardian and continued such until August 2, 1882, when he resigned, and Minnie P. Huntsman was appointed guardian of the children other than Anna Cora, she having become of age. On February 9, 1883, Minnie P., as guardian, and

Anna Cora, served upon Brown a notice of motion to dismiss his appeal for lack of prosecution and because abandoned by him. Pursuant to this notice. the motion was heard before *Macdonald, J.*, the appellant objecting to the right of the moving parties to appear or take any proceedings in the matter. The objections were overruled, and judgment of affirmance was ordered and entered, from which this appeal was taken.

*L. M. Brown*, appellant, *pro se.*

*Daniel Fish*, for respondents.

GILFILLAN, C. J. It was entirely proper for the district court to proceed on the appeal before it upon the motion of Minnie P. Huntsman. It had proof before it that she was the acting guardian of the minors, under an appointment by the probate court, and a proper person, therefore, to contest the appellant's claim still to be guardian. No substitution was necessary. In such cases there is no formal entitling as in adversary actions. There is usually, by way of title, a description of the proceeding, enough to show what it is. Upon an appeal like this coming into the district court, it may allow any one who shows his right to resist the appeal to do so. He becomes a party to the proceeding by so doing.

Of the order brought by appeal into the district court, the only portion which the appellant could complain of was the part removing him from the guardianship. For, if he was properly removed, it was no concern of his who was appointed his successor. Nor, he being removed, could he complain that the order directs such successor to do what it would be his duty to do without such direction, to wit, to bring the outgoing guardian to an accounting.

The order of removal recites two facts, and which otherwise appear by the record, upon which it appears to have been made: *First*, the resignation of the guardian tendered to the probate court; *second*, that he had been cited to file his account, had filed it, and an order made appointing a time and place for the examination of and hearing upon it; that he had due notice of the order, and failed to appear in response to it. Either of these facts would justify the order. If based on the resignation, the more correct phraseology in the order would be that "the resignation is accepted." But the language used here

effects the same result. An order of removal, however, upon a resignation is proper. *Rumrill* v. *First Nat. Bank*, 28 Minn. 202.

When a guardian files his account, it is his business to have a hearing upon it appointed. In this case it is to be presumed that the hearing was appointed on the procurement of appellant, (he does not appear to deny the fact, and it is recited as a fact in the order appealed from,) and, being procured by himself, it was for him to take notice of it. The notice by publication, however, if any was required, was sufficient. Gen. St. 1878, *c.* 59, § 47.

Judgment affirmed.