NELLIE A. CURRAN and others vs. EMIL M. KUBY and others.

July 29, 1887.

**Administrator's Sale—Collateral Attack.—**A sale of the real estate of an intestate by an administrator to a *bona fide* purchaser, under the license of a probate court having jurisdiction of the administration of such estate, the record being regular on its face, cannot be impeached collaterally, or set aside, by showing, contrary to the petition for a license, that there were in fact no debts against the estate.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Brill*, J., presiding, sustaining the demurrers of the defendants to the complaint.

*Berryhill & Davison*, for appellants.

*Chas. N. Bell*, for respondents.

VANDERBURGH, J.[1]  There seems to be no basis for this appeal. The action is brought to set aside an administrator's sale and subsequent conveyances, and all proceedings in the probate court upon which the sale was founded. The proceedings are upon their face admitted to be regular, and in conformity with the statute. There is no question raised as to the regularity of the appointment of the administrator, or that he was in fact licensed to sell the property in controversy at private sale, in pursuance of the provisions of the General Statutes, (as amended by Laws 1881, c. 43,) by the probate court having jurisdiction; and it does not appear that the order of license to sell required that notice of sale should be given. The administrator also gave the bond and took the oath required by law, and it is not alleged or pretended that the premises were not sold as required by law, or that the present holders did not purchase them in good faith. But two points are made.

The first, in respect to the notice of sale, is already disposed of. No notice was required in the case of a private sale, unless expressly directed.

[1] Berry, J., because of illness, took no part in this case.

2. The plaintiff cla·ms that the demurrer admits that there were in fact no debts against the estate, though proved before the court, and that the petition of the administrator for license to sell the real estate was false in that respect, also that the order to show cause was never served upon the persons interested in the estate, and that the record reciting and showing such service is also false.

(*a*) These matters were, however, each adjudicated and determined by the probate court, on the return-day of the order, upon the allegations and proofs as shown by the record. As to these questions, the record imports verity. *Davis* v. *Hudson*, 29 Minn. 27, (11 N. W. Rep. 136.)

(*b*) The court had acquired jurisdiction of the estate, and the administration thereof, and still retained it. The sale could not, therefore, be attacked for irregularities, omissions, or errors in the proceedings which culminated in the license. *Rumrill* v. *First Nat. Bank*, 28 Minn. 202, (9 N. W. Rep. 731.) In the case cited the petition for license was defective in several particulars; for instance, it showed no debts of the intestate. But it was held that under the provisions of Gen. St. 1878, *c.* 57, § 51, the sale could not be avoided for such cause. The same rule is applicable to this case.

Order affirmed.