## DAVIS C. BUNTIN v. DELIA L. ROOT and Others.[1]

December 16, 1896.

Nos. 10,305—(266).

**Administrator's Sale—G. S. 1894, § 4612.**

G. S. 1894, § 4612, which provides that no sale of real estate by a guardian, executor, or administrator shall be avoided on account of any defect in the proceedings if it appears that the five essentials of a valid sale therein named are complied with, was intended to be a curative statute; and it and the records of the probate court relating to the sale of land must be liberally construed, and land titles depending on such records sustained, notwithstanding any mere irregularities or technical omissions in such records as to such five essentials.

**Same—Irregularities.**

The father of the appellant died intestate, seised of the S. ½ of the S. W. ¼ of the S. W. ¼ of section 28, township 50, range 14, in St. Louis county. He owned no other land in the section. It was sold at administrator's sale. There were no defects in the proceedings, except that in the order of license and confirmation the land was described as 20 acres in section 28, township 50, range 14, in St. Louis county; and, further, there was no scroll or seal to the signatures of the obligors in the sale bond. *Held*, that the sale was valid.

Appeal by defendant Mabel Root by her guardian ad litem from a judgment of the district court for St. Louis county, in favor of plaintiff, entered in pursuance of the findings and order of J. B. Richards, Esq., referee. Affirmed.

[1] Reported in 69 N. W. 330.

*Huntington W. Merchant*, for appellant.

The instrument at bar, purporting to be a bond, is not sealed by principal or sureties. A bond, to be valid, must be under seal. Skinner v. McCarty, 2 Port. (Ala.) 19; Cantey v. Duren, Harper (S. C.) 434. The recital, "sealed with our seals," does not cure this defect. Taylor v. Glaser, 2 Serg. & R. 502. The seal conclusively presumes a consideration, while, in the case of unsealed instruments, the burden of proving a consideration is upon the plaintiff. McMillan v. Ames, 33 Minn. 257, 22 N. W. 612. In the case of County of Redwood v. Tower, cited by plaintiff, the bond sued on was an official bond, and the question to be decided was whether the principal and sureties could be held. In the case at bar the question is not whether the administrator and his sureties can be held, but whether the statute has been complied with. A sale made without a bond is void. Babcock v. Cobb, 11 Minn. 247 (347).

*Towne & Davis*, for respondent.

The requirement of a seal to a bond is a mere technicality. County of Redwood v. Tower, 28 Minn. 45, 8 N. W. 907. Substantial compliance with statutory provisions regulating sales by administrators will support the sale, as between the grantee and the heirs at law. Jackson v. Astor, 1 Pinney (Wis.) 137.

START, C. J. Action to determine adverse claims to real estate. Judgment for the plaintiff, that he is the owner thereof, from which the defendant Mabel Root appealed.

The plaintiff's title depends on the question of the validity of an administrator's sale of the land in controversy. This is the only question in the case. The facts are undisputed, which are, so far as here material, these: On February 14, 1889, N. D. Root died intestate, seised of the S. ½ of the S. W. ¼ of the S. W. ¼ of section 28, township 50, range 14, in the county of St. Louis. This was the only land he owned in the section named, or had any interest in. The appellant is a daughter and one of the heirs at law of Root. An administrator of his estate was appointed by the probate court of the proper county. Such proceedings were had in the probate court in the matter of the estate of Root that the court on August 5, 1889, made in such matter its order of license, wherein it

was recited, among other matters, that the petition of the administrator praying for license to sell all of the real estate whereof N. D. Root died seised was heard and considered; and the court did, in and by the order, license, authorize, and direct the administrator to sell at private sale all of the real estate therein described. Pursuant to such license the administrator did on August 12, 1889, sell the 20 acres whereof Root died seised at private sale, for the sum of $24,-000, and made his report of sale on the same day to the court, wherein the 20 acres was described as the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 28, township 50, range 14, in the county of St. Louis. On the same day the probate court made its order confirming the sale so reported by the administrator, and directed and authorized him to execute a deed to the purchaser. The order of license and confirmation were regular in all respects, except that in each the land was described as "(20) twenty acres of land in section (28) twenty-eight, township (50) fifty, range (14) fourteen, St. Louis county, Minnesota." This was also the description of the land in the administrator's petition for the sale of the real estate of the deceased. This last description was intended to cover the land in controversy. It is so admitted of record in this case. The sale bond was, in form and substance, correct, except that there was no scroll or seal to the signatures of the obligors. The land was sold and purchased in good faith, for its full value, and conveyed by the administrator, pursuant to the order of confirmation, to the purchaser, who paid the full purchase price thereof.

The only objections to the administrator's sale here urged are (1) that the order of license and confirmation are void because of the irregularity in the description of the real estate therein authorized to be sold; (2) there was no sale bond given.

The appellant's contention that the sale is void is based upon G. S. 1894, § 4612, which provides that no sale of real estate by a guardian, executor, or administrator shall be avoided on account of a defect in the proceedings if it appears:

"(1) That the executor, administrator or guardian was licensed to make the sale, by the probate court having jurisdiction. (2) That he gave a bond which was approved by the probate court. (3) That he took the oath prescribed in this chapter. (4) That he gave notice of the time and place of sale as in this chapter prescribed, if such notice was required by the order of license. (5) That the premises were

sold in the manner required by the order of license and the sale confirmed by the court, and that they are held by one who purchased them in good faith."

The construction claimed for this statute by counsel for appellant is that it requires that the records of the probate court in the matter of the sale must show a strict compliance with the law relating to sales of real estate in probate courts, as to the five essentials named in section 4612. In the case of Kurtz v. St. Paul & D. R. Co., 61 Minn. 18, 63 N. W. 1, we referred to the origin, purpose, and history of this section of the statute. It was, in the state of its origin, where probate courts were courts of special jurisdiction, plainly a curative statute, designed to limit the causes for which a sale of real estate by proceedings in such courts could be assailed collaterally, and not to open the door for its impeachment in cases where, except for the statute, it would be unimpeachable. After the adoption of our constitution, and our probate courts thereby became courts of record and of superior jurisdiction, there was no necessity for retaining this statute. But prior to the decision of Davis v. Hudson, 29 Minn. 27, 11 N. W. 136, it seems to have been erroneously assumed that, after the adoption of the constitution, probate courts were still courts of special and limited jurisdiction, and that their records did not import absolute verity. Hence the statute was continued in force and re-enacted in the Revision of 1866. It was intended as a curative statute, to obviate the insecurity of titles resulting from the supposed fact that probate courts of this state, like those of the states from which the statute came to us, were courts of special and limited jurisdiction. While the legal effect of this statute is the opposite of what was intended, opening instead of closing the door for assailing collaterally titles made through the probate court, yet it must be construed as a curative statute, as it was intended to be. The statute and the records of the probate court relating to the sale of real estate must be liberally construed, and land titles depending on such records sustained, notwithstanding any mere irregularities and technical omissions in the record as to the five essentials of a valid sale named in this statute.

The description of the land in the order of license and confirmation, standing alone, does not describe any particular 20 acres of the section. But the land sold, and accurately described in the report of

sale, was the only land in section 28 of which Root died seised, and the order of license dealt only with land of which he died seised, and recited on its face that it was made upon a hearing and consideration of a petition for license to sell all of the real estate whereof Root died seised. It therefore fairly appears from the order that the administrator was licensed to sell the 20 acres in section 28 of which Root died seised. As he owned in the section no other land except the identical 20 acres sold' by his administrator, it follows that, within the rule of construction we have laid down, it does appear from the record that the administrator was licensed to make the sale of the land in question. It also appears that the sale of the land in question was confirmed by the court. It was the sale of the real estate reported by the administrator which was confirmed by the order. It was not necessary to incorporate in the order any description of the real estate sold, and the fact that a vague and indefinite description was inserted in the order is immaterial, because in the report of sale, which was referred to in the order and was the basis for it, the land is accurately described and fully identified.

The sale bond in this case was a substantial compliance with the statute. The obligors recite in the body of the instrument that it is sealed with their seals, but in fact there is no scroll or seal to their names. Technically, then, it was not a bond, but it was given and approved by the court as a bond, and the obligors were liable thereon to the same extent as though it was under seal. The omission of the scrolls was an irregularity, and the statute requiring a sale bond was substantially complied with. County of Redwood v. Tower, 28 Minn. 45, 8 N. W. 907.

Judgment affirmed.