BRIDGET E. McCLOSKEY v. MARY PLANTZ.

May 19, 1899.

Nos. 11,619—(122).

**Removal of Guardian without Notice.**

The probate court cannot legally remove a guardian without notice to him of the time and place of hearing on the matter of his removal, unless his residence is unknown.

In the matter of the guardianship of Bridget E. McCloskey, incompetent, the probate court for Ramsey county, Willrich, J., made an order removing Mary Plantz, as guardian, and requiring her to file her final account; and from this order she appealed to the district court for said county. The matter was heard in the district court before Willis, J., who made an order affirming the order of the probate court; and from an order denying a motion for a new trial, the guardian appealed. Reversed.

*J. M. Hawthorne,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondent.

START, C. J.

Bridget E. McCloskey was adjudged by the probate court of the county of Ramsey to be incompetent to care for herself or her estate, and on February 24, 1898, her daughter, Mary Plantz, the appellant herein, was by such court duly appointed guardian of her person and estate. On August 2, 1898, the probate court, on the application of the ward, made its order, citing and requiring the guardian to appear before the court on August 8, 1898, and file an account of her doings and expenditures as such guardian. The guardian appeared and filed her account. The probate court, in September, 1898, made an order removing the guardian, and directing her to file her final account. Such order was made by the court on its own motion, without notice to the guardian, and she appealed from the order to the district court of the county of Ramsey. The notice of appeal stated that the appeal was taken upon questions of law and fact. Thereupon the probate court made due return to

the district court of a certified transcript of all of the papers, records, and proceedings upon which such order was based.

When the cause came on for hearing in the district court, it appears from the record that counsel for the guardian dismissed the appeal as to questions of fact, but not as to the questions of law. It does not appear from the record that the trial court made any ruling or took any action as to this attempted amendment of the notice of appeal, or dismissal of a supposed part of the appeal. If it was in effect an attempted amendment of the notice of appeal, it was forbidden by statute. G. S. 1894, § 4669. However this may be, the attempted amendment or dismissal in no manner changed the status of the appeal, for the statute does not provide for taking an appeal from the judgments or orders of the probate court on questions of law and fact. Such was the case prior to the adoption of the Probate Code (G. S. 1878, c. 49, §§ 15–17), but the statute now in force (G. S. 1894, § 4668) simply provides that notice of appeal shall be served on the opposite party. The statement in the notice of appeal that it was taken on questions of law and fact was surplusage.

The guardian, upon the return of the probate court, moved the district court to reverse the order removing her, which was denied and exception taken. The ward moved that the order be affirmed. The motion was granted, to which ruling the guardian excepted. The guardian appealed to this court from the order of the district court denying her motion for a new trial.

The question on this appeal is whether a probate court legally can summarily remove a guardian without notice to him and an opportunity to be heard. Counsel for respondent urge that, because the guardian in this case was before the court on an order to file her account, and it being evident to the court from an inspection of her account that she ought to be removed, the court might do so summarily. She was before the court only for the purpose of rendering her account. For this, and this only, was she cited. Therefore, if she was entitled to notice of any action to be taken for her removal as guardian, the order removing her was erroneous, and should be reversed.

The matter of the removal of executors, administrators, or guard-

ians is regulated by statute. The procedure is the same in each case, and it is substantially this: When any executor, administrator, or guardian for any cause is unsuitable or incapable of discharging his trust, or has wasted or mismanaged the trust estate, or has failed to perform any order of the probate court, the court may remove him. The court may, on its own motion or on the petition of any person interested, cite any executor, administrator, or guardian to show cause why he should not be removed. The citation should be served on him personally or by leaving a copy at his last usual place of residence. In case he cannot be found within the county, or has no residence therein, a copy of the citation shall be deposited in the post office, directed to him at his place of residence, if known; if not, then the court may hear, try, and determine the matters relating to such removal as if such citation had been duly served. G. S. 1894, §§ 4708–4710. The meaning of these provisions of the statute is so obvious as to forbid any discussion of the question. The statute provides, as clearly and specifically as language can express it, that a probate court cannot hear, try, and determine the matter of the removal of an executor, administrator, or guardian, without notice, unless his place of residence is unknown.

The case of Brown v. Huntsman, 32 Minn. 466, 21 N. W. 555, relied upon by counsel for the respondent, is not in point; for in that case the guardian had tendered his resignation, and the order removing him was in legal effect an order accepting his resignation. That it was not intended to hold, in the case cited, that a guardian might be summarily removed without notice, is apparent when the opinion is read in connection with the statute then in force, which expressly provided that when a guardian became incapable of discharging his trust, or was unsuitable therefor, the judge of probate, after notice to him, might remove him, but upon the request of a guardian the court might permit him to resign. G. S. 1878, c. 59, § 40.

Our conclusion is that the probate court has no power to remove an executor, administrator, or guardian without notice to him of the time and place of hearing on the matter of his removal, unless his residence is unknown. It follows that the trial court erred in

denying the guardian's motion to reverse the order of the probate court, and in granting the ward's motion to affirm the order.

The order denying the guardian's motion for a new trial is reversed.