AZELLA F. SMITH and Others v. GEORGE T. BARR and Others.[1]

May 31, 1901.

Nos. 12,611—(111).

**Administrator's Sale of Real Estate.**

    In an action to set aside a sale of real estate by an administrator, on the ground of defects in the sale proceedings and of fraud in making the sale, *held*:

    1. Where an administrator is licensed to sell the land of his intestate by a probate court having jurisdiction of the settlement of the estate, and which appointed him, it is immaterial in an action to set the sale aside, whether there was or was not a proper petition for the license.

    2. All of the essentials of a valid sale required by G. S. 1894, § 4612, were substantially complied with in this case. ·

    3. That the findings of the trial court to the effect that there was no fraud in making the sale is sustained by the evidence.

Action in the district court for Blue Earth county by the administratrix de bonis non, and the heirs of Penfield A. Foster, deceased, to set aside a sale of real estate made by defendant George T. Barr, the former administrator, to defendants Palmer and Hubbard. The case was tried before Severance, J., who found in favor

of defendants. From a judgment entered pursuant to the order, plaintiffs appealed. Affirmed.

*Thomas Hessian, W. A. Funk* and *Geo. N. Baxter*, for appellants.

*Pfau & Pfau*, and *L. W. Prendergast*, for respondents.

START, C. J.[2]

This is an action by the devisees of the heir at law of Penfield A. Foster, deceased, and the administratrix of his estate, to set aside a sale of certain interests in real estate of which he died seised, made by the defendant Barr, as the then administrator of his estate, to the defendants Hubbard and Palmer, on the ground of defects in the sale proceedings, and on account of fraud in making the sale. The trial court made its findings of fact and conclusions of law, to the effect that the charge of fraud in the making of the sale was untrue, that the sale proceedings were regular, and that the defendants were entitled to judgment on the merits. It was so entered, and the plaintiffs appealed therefrom, which is the second appeal herein. 76 Minn. 513, 79 N. W. 507.

1. The first objection to the sale proceedings is that the petition by the administrator for license to sell the real estate of his intestate at private sale was so fatally defective that all proceedings under it were void. The petition was presented by the administrator to the probate court of the county of Blue Earth,—the court which had jurisdiction of the settlement of the estate of the deceased, and was the court which appointed the administrator. It described the land of which the deceased died seised in fee, and set forth, among other matters, that in his lifetime he entered into a contract with a Mr. Rawsom for the purchase of some seven thousand acres of land, and had paid a part of the purchase price, stating the amount. A copy of the contract, containing a description of all of the land, the purchase price, and terms of sale, was attached to the petition as a part thereof. The prayer of the petition was for license to sell the interest of the deceased in the contract for the purchase of the land therein described, and a portion of the real estate of which the deceased died seised. The land described in the contract is alone in controversy in this action.

[2] LOVELY, J., took no part.

Notice of the time and place of hearing on the petition was given, and the probate court, upon such hearing, made its order licensing and directing the administrator to sell at private sale the real estate of which the deceased died seised, and also his interest in the Rawsom contract for the purchase of the lands described in the contract, a description of which lands was attached to, and made a part of, the order. The order further directed that before making sale of the real estate the administrator give a bond in the sum of $10,000, and take and subscribe the oath required by law,

"And that he cause said real estate to be re-appraised, and also estimate the amount of interest of said deceased in said Rawson contract by two competent persons, to be appointed by this court. * * * The said real estate and interest of deceased in said contract shall not be sold for less than its full appraised value."

The petition was formally defective in several particulars, but we need not discuss them, for the administrator was licensed to make the sale by the probate court having jurisdiction, and which appointed him. Therefore it was immaterial in this case whether there was or was not a proper petition for the license to sell. G. S. 1894, § 4612; Montour v. Purdy, 11 Minn. 278 (384); Rumrill v. First Nat. Bank, 28 Minn. 202, 9 N. W. 731; Curran v. Kuby, 37 Minn. 330, 33 N. W. 907; Kurtz v. St. Paul & D. R. Co., 61 Minn. 18, 63 N. W. 1.

2. The second objection to the sale proceedings is that the order licensing the sale is void because it does not authorize the sale of the lands, but simply directs the interests which the deceased had in the contract for the purchase of the lands to be sold, treating the interest as personal property. The order awkwardly describes the interest to be sold. It must, however, be liberally construed, and mere technical defects disregarded. Buntin v. Root, 66 Minn. 454, 69 N. W. 330. Now, it is apparent on the face of the order that the interest of the deceased in the lands for which he held an executory contract for their purchase was not treated by the administrator or the probate court as personal property, but that it was treated as an interest in the lands therein described, and, further, that the administrator was by the order licensed to sell the interest of the deceased by virtue of such contract in the lands which were par-

ticularly described in the contract. The interest which the deceased had in the contract, and his interest in the lands therein described, were identical, and the terms were so used in the order, which substantially, but inaptly, describes the interest in the lands to be sold.

3. Objection is also made to the warrant to the appraisers, and their appraisal, in that only the interest of the deceased in the contract was directed to be, and was, appraised. The interest of the deceased in the lands is described in the warrant and appraisal substantially as it was in the order licensing the sale, and each was sufficient, for reasons already suggested. Were it otherwise, we are not to be understood as holding that the sale would have been void.

4. There is only one other alleged defect in the sale proceedings meriting special mention, and it relates to forty acres only of the land. The correct description of it is given in the contract, and in the copy thereof attached to the petition, and is therein designated as being in section thirty-four of a given town and range; but in the copy of the list of lands covered by the contract, which was made a part of the order of sale, this forty is designated as being in section twenty-four. The same mistake occurs in the subsequent proceedings, except that the forty is correctly described in the deed. A correct copy, however, of the contract, containing a description of all of the land, was a part of the petition, and the probate court by its order of sale found that it was necessary to sell the real estate set forth in the petition, and licensed and directed the administrator to sell all of the interest of the deceased

"In a certain contract for purchase of lands with one Stephen W. Rawson, * * * which description of such lands in said contract * * * is hereunto attached and made a part of this order."

And in all the subsequent proceedings reference is made to the contract. It was the interest of the deceased in the lands described in the contract that was sold at private sale, and an examination of all of the proceedings relating to the sale would at once disclose

the fact that it was the interest of the deceased in all the lands described in the contract which was a part of the petition, which the administrator was authorized to sell and did sell. The designation of forty acres of the land as being in section twenty-four, instead of thirty-four, in the copies of the list of lands in the proceedings subsequent to the filing of the petition for sale, does not render the sale void as to such forty acres. The whole of the proceedings, taken together, sufficiently identifies the land. In re Winona Bridge Ry. Co., 51 Minn. 97, 52 N. W. 1079; Buntin v. Root, supra. It appears from the record of the sale proceedings in this case that all the essentials of a valid sale required by G. S. 1894, § 4612, were substantially complied with, and the sale is valid, unless the allegations of fraud in the complaint are true.

5. This brings us to the last and most important question presented by the record on this appeal. Are the findings of the trial court, to the effect that all allegations of fraud in the making of the sale contained in the complaint are untrue, sustained by the evidence? We have given the question the consideration which its importance demands. It is quite clear from the record that this sale, at the time it was made, was ill advised, and that if it had been deferred for a reasonable time a much larger sum would have been realized by the estate; but the evidence tending to establish the allegations of fraud is not such as to justify us in disturbing the findings of the trial court. They are sustained by the evidence.

Judgment affirmed.