FLOSSIE CATER v. ROBERT H. STEEVES.

MARION B. CATER v. SAME.[1]

June 16, 1905.

Nos. 14,370—(146).

**Administrator's Sale.**

Whenever the records of a probate court are silent or wanting in material particulars as to the five essentials of a valid sale of real estate, as provided by G. S. 1894, § 4612, the same may be attacked in a collateral action within the time limited by statute (section 4611).

**Notice of Sale.**

The order of license in this case required notice of the sale of the land to be given by publication, and it was not complied with.

Separate actions in the district court for Mille Lacs county by Flossie Cater and Marion B. Cater, each being to recover from defendant Robert H. Steeves an undivided two-fifteenths interest in certain land. The cases were tried together before Searle, J., who directed a verdict in each in favor of plaintiff. From orders granting separate motions for judgment in favor of defendant notwithstanding the verdict, plaintiff in each case appealed. Reversed and judgments ordered for plaintiff upon the verdicts.

*E. L. McMillan,* for appellants.

*Reynolds & Roeser* and *Charles A. Dickey,* for respondent.

START, C. J.

An action was brought by each plaintiff herein against the defendant to recover an undivided part of certain land in the county of Mille Lacs, described in the complaint. The actions involved the same questions of fact and law, were tried together, and for convenience we treat them as one. A verdict was directed for the plaintiffs, but on motion of the defendant for judgment or for a new trial the trial court made its order directing judgment to be entered for the defendant. The plaintiffs appealed from the whole order.

The facts are undisputed. The parties claim title to the land from a common source—the plaintiffs as heirs at law of their father, Ed-

[1] Reported in 103 N. W. 885.

95 M.—15

ward W. Cater, who died November 15, 1888, intestate, seised of the land. The defendant claims title through an administrator's sale and deed of the land. The widow of the intestate was appointed administratrix of his estate, and as such was on February 21, 1891, duly licensed to sell the land at private sale, the order of license directing her to give notice of the terms of the sale by publication thereof for three successive weeks next before the sale in the Princeton Union, a weekly newspaper. The administratrix sold the land. The sale was confirmed by the court, and she made a deed of the land to her sister, Addie E. Brown, who made a deed of it to the defendant's immediate grantors. If the administrator's sale be valid, the defendant owns the land, and the order appealed from was correct; but, if the sale be invalid, the directed verdict was right, and the order wrong.

The order of the probate court confirming the sale duly recited, among other matters, that the administratrix took the oath, gave the bond, and caused the notice of the terms of the sale to be published as directed by the order of license. It was, however, made conclusively to appear upon the trial by the production of the complete files of the Princeton Union covering the time in which it would have been possible to have published the notice therein that it was never published. The plaintiffs claim that it was also conclusively made to appear on the trial that no oath was taken nor any bond given before the sale. It is unnecessary to determine the correctness of this claim, for, if the evidence establishing the fact that the notice of sale was not published was competent, the sale is void.

The learned trial judge set the verdict aside, and directed judgment for the defendant, on the ground that the order of confirmation imports absolute verity; and its findings and recitals as to compliance with the statute and the order of license in the making of the sale are conclusive in a collateral action or proceeding. The judgments and orders of probate courts in this state import absolute verity to the same extent as those of other courts of superior jurisdiction, except as otherwise provided by statute. Section 4612, G. S. 1894, is to the effect following:

> In case of an action relating to any estate sold by an * * * administrator or * * * in which an heir * * * shall contest

the validity of the sale it shall not be avoided on account of any irregularity in the proceedings if it appears:

1. That the executor, administrator or guardian was licensed to make the sale by the probate court having jurisdiction.

2. That he gave a bond which was approved by the probate court.

3. That he took the oath prescribed in this chapter.

4. That he gave notice of the time and place of sale, as in this chapter prescribed, if such notice was required by the order of license.

5. That the premises were sold in the manner required by the order of license, and the sale confirmed by the court, and that they are held by one who purchased them in good faith.

It is competent for the legislature to change the rule of presumption applied to courts of superior jurisdiction, and the effect of this statute is to change to some extent the rule of presumption as to judgments, decrees, and orders of probate courts by taking away from them their absolute conclusive character as to the five essentials of a valid sale enumerated in this statute. Whenever, therefor, the record is silent or wanting in material particulars as to such essentials, or any of them, the sale may be collaterally attacked within the time limited by statute. G. S. 1894, § 4611; Babcock v. Cobb, 11 Minn. 247 (347); Montour v. Purdy, 11 Minn. 278 (384); Davis v. Hudson, 29 Minn. 27, 11 N. W. 136; Hartley v. Croze, 38 Minn. 325, 37 N. W. 449; Kurtz v. St. Paul & D. R. Co., 61 Minn. 18, 63 N. W. 1; Buntin v. Root, 66 Minn. 454; 69 N. W. 330. It is true that in some of our decisions the conclusive character of the judgments and orders of probate courts has been stated in general terms without giving the exception made by the statute. This, however, occurs only in cases not falling within the exception; hence it was not necessary to state it. See, in this connection, Longenfiel v. Richter, 60 Minn. 51, 61 N. W. 826, Fitzpatrick v. Simonson Bros. Mnfg. Co., 86 Minn. 140, 146, 90 N. W. 378, and Hadley v. Bourdeaux, 90 Minn. 177, 95 N. W. 1109, cited by the defendant.

The question of the conclusiveness of an order of the probate court confirming an administrator's sale was raised in this court nearly forty years ago in the case of Babcock v. Cobb, supra. It was urged in that

case that such order imported absolute verity, and that it was not competent to show that no sale bond had been given. Counsel cited and relied upon the leading case of Grignon's Lessee v. Astor, 2 How. 319, but this court held, construing the statute Pub. St. c. 39, § 52, the original of G. S. 1894, § 4612, that "by necessary implication it follows that a sale may be avoided if the want of the required bond is made to appear, and, of course, it is implied that it may be made to appear by competent evidence." It was accordingly held that the evidence to show that the sale bond was not given was competent, and that for that reason the sale was void.

In Montour v. Purdy, supra, the statutory exception to the conclusiveness of the judgments and orders of the probate court was recognized and enforced and a guardian's sale held void because the notice of sale was insufficient. It was also urged in that case that the order of confirmation of the sale imported absolute verity, but this court, after citing the statute (section 52, supra), said: "The objects for which a sale may be avoided are thus pointed out in the statute. The regulations upon this subject are matters of express enactment, so that cases like that of Grignon's Lessee v. Astor have comparatively little application. Whatever presumptions, resting upon considerations of public policy, or upon any other foundation, are allowed in behalf of the validity of the proceedings of probate courts, they cannot be permitted to overcome plain and express provisions of statute." This statutory exception to the conclusiveness of judgments and orders of the probate court has been recognized in every case in this court in which the question has been presented. It follows that the trial court erred in holding that the order of confirmation was conclusive.

Counsel further urges that, even if the order of confirmation was not conclusive, the sale is valid. The argument in support of this conclusion is to the effect that the fourth essential of a valid administrator's sale is

> That he gave notice of the time and place of sale, as in this chapter prescribed, if such notice was required by the order of license;

that the statute in force at the time of this sale (G. S. 1894, § 4600) provided that

> The probate court may also direct the executor, administrator or guardian to give notice of such sale as it may direct, and in case the court directs notice to be given, the executor, administrator or guardian shall not sell until such notice is given;

and, further, that the order of license in this case only directed that the administrator cause a notice of the terms upon which the real estate will be sold, in which the premises shall be described, to be published once in each week for three weeks before the sale. Therefore that part of the order of license providing for the giving of the notice is a nullity, and the case stands precisely as if the order of license contained nothing as to publishing a notice of sale. This conclusion by no means follows from the premises stated. The order of license did direct that notice of the terms of the sale of land to be sold at private sale be given by publication as therein set forth. and the administratrix, by virtue of the express provisions of the statute, had no authority to make the sale until the notice was so given. It is difficult to understand how an effective notice of the terms upon which land will be sold at private sale can be published unless it states when and where the land can be purchased. We hold that the order of license required a publication of the notice of the sale within the meaning of section 4612, G. S. 1894.

It follows that the order appealed from must be reversed, and the cause remanded, with direction to the district court to enter judgment upon the verdict. So ordered.