JOHN T. FENLON, as Receiver, etc., of JOHN DEMPSEY, a Judgment Debtor, Respondent, *v.* JOHN DEMPSEY and GEORGE D. CARROLL, Appellants, Impleaded with Others.

*Order requiring the books of a corporation to be produced by its officers pursuant to sections 872 and 873 of the Code of Civil Procedure — when the burden of proving their inability to comply with the order rests upon the officers served — when the corporation is required to keep books, and its failure to do so is made a misdemeanor, the presumption is that they are kept and in existence — an allowance of counsel fee by way of indemnity must be founded upon legal proof.*

Upon an appeal from an order adjudging the appellants guilty of contempt in failing to produce certain books of the Union Square Printing Company, it appeared that on November 10, 1887, an order was made that the Union Square Printing Company, a corporation, be examined and its deposition be taken in this action, pursuant to sections 872 and 873 of the Code of Civil Procedure, and that for that purpose John Dempsey as president, and George D. Carroll, as treasurer of the corporation, be examined and produce, at the time mentioned in the order, the book or books of the corporation showing the ownership and transfer of stock therein, and its business ledger or blotter, as well as its by-laws, etc., which order was duly served upon the defendants, together with a subpoena ·*duces tecum.*

The defendants having appeared were examined, but refused to produce the books as directed in the order, and on December 23, 1887, an order was made, requiring the defendants to show cause why they should not be committed for a contempt in refusing to produce the books. Upon the hearing of this order to show cause, an order was entered referring it to a referee to take proof as to the facts constituting the alleged contempt, and to report the same with his opinion thereon. The referee allowed the plaintiffs to introduce the original affidavit, and an order for the examination and production of the books, as pleadings defining the issues, but not as evidence as to the commission of the contempt. The plaintiff having examined a witness to show that the defendants had failed to comply with the order, and no evidence being offered upon the part of the defendants, the referee held that, under the circumstances, the burden of proving, by common-law evidence, their inability to produce the books rested upon the defendants and reported that they had been guilty of contempt.

*Held*, that he was clearly right in so holding for two reasons:

*First.* Because the order required the production of the books, and if the defendants did not obey it they were bound to show, by the production of common-law proof, that the books did not exist, or could not be produced by the defendants because they knew nothing of their whereabouts and could not ascertain the same.

*Second.* Because, by the law under which the Union Square Printing Company was organized, the trustees were bound to keep a book of the character called for by the subpœna; and the failure to keep such a book was declared by the statutes to be a misdemeanor, and that the presumption was that the trustees had performed their duty and had not been guilty of a misdemeanor and had, therefore, kept the book in question, and that the book was in existence.

*People* v. *Pease* (27 N. Y., 74) followed.

The order appealed from allowed a counsel fee of $100 to the plaintiffs' attorney by way of indemnity.

*Held*, that as there was no proof offered as to this $100 so allowed the order should be reversed.

*Sudlow* v. *Knox* (7 Abb. [N. S.], 420) followed.

APPEAL from an order dated April 11, 1888, and filed in the office of the clerk of the county of New York on April 16, 1888, adjudging the appellants guilty of contempt because of their failure to produce certain books of the Union Square Printing Company.

*Abram Kling*, for the appellants.

*John McCrone*, for the respondent.

VAN BRUNT, P. J.:

On the 10th of November, 1887, an order was made by Justice BARRETT that the Union Square Printing Company, a corporation, be examined and its deposition taken in this action, pursuant to

sections 872 and 873 of the Code of Civil Procedure, and for that purpose that John Dempsey, as president, and George D. Carroll, as treasurer, of the defendant corporation, be examined and produce at the time mentioned in said order, the book or books of the defendant corporation showing the ownership and transfer of stock therein, and its business ledger or blotter, as well as its by-laws and books, etc. This order was duly served upon the defendants together with a *subpœna duces tecum.*

The defendants failed to appear upon the return day of said order. On the eighteenth of November Justice BARRETT granted an order to show cause why the said Dempsey and Carroll should not be punished and fined as for contempt for their neglect and disobedience of said order and of said *subpœna duces tecum.* Upon the return of said order, a motion was entertained by the justice then holding the Special Term, to vacate and set aside the order upon the affidavits then presented, which motion was denied, and the motion to punish the defendants, Dempsey and Carroll, as prayed for, granted, with costs, unless they attended on the day and place in said order fixed with the books called for in said original order and submitted to examination then, and from time to time thereafter as might be necessary.

The defendants appeared pursuant to this order and were examined, but they refused to produce the books as provided for in said order. On the 30th of January, 1888, the order made on the 26th of November, 1887, adjudging the defendants in contempt unless they appeared and were examined and produced the books, was amended by adding thereto the statement that the intent of the order was simply to sustain the original order for the examination of the defendants, and that the court did not pass upon the question whether the defendants had in their possession the books which they were required to produce. On the 23d of December, 1887, Justice LAWRENCE granted an order upon papers therein recited, that the defendants show cause why they should not be punished for contempt in neglecting and refusing to produce the books called for by said original order, to wit, the stock ledger and minute book of the defendant company. Upon the hearing of this order to show cause an order was entered referring it to a referee to take proof as to the facts constituting the alleged contempt and to

report the same with his opinion thereon. When the parties came before the referee the moving parties introduced the original affidavit and order for the examination of the defendants and the production of the books. These papers the learned referee received as pleadings defining the issues involved in this proceeding, and not as evidence as to the commission of the contempt, and held that the contempt must be established by common-law proof. The plaintiff thereupon examined a witness for the purpose of showing that the defendants had failed to comply with the order by producing the books called for. The defendants attempted to prove upon the cross-examination of the witness what the defendants had testified to upon their examination, which evidence was excluded by the referee on the ground that the examination had been reduced to writing and signed. This examination of the defendants was marked for identification, but as far as the minutes go there is nothing to show that it was ever offered in evidence before the referee. No evidence whatever was offered upon the part of the defendants. The referee thereupon reported that the parties had been guilty of a contempt. The motion to punish for contempt was renewed by the plaintiff, and a motion made by the defendants to set aside the referee's report upon the ground of misconduct on the part of the referee. The motion to set aside the report was denied and the motion to punish for contempt was granted, and from the orders thereupon entered these appeals are taken.

It was claimed, in support of the motion to set aside the report, that the referee had refused to consider the affidavits or depositions mentioned in the order of reference, other than such affidavits as were introduced in evidence by the plaintiff's attorney before him, and that, as these affidavits raised an issue as to the possession of the books, it was necessary that the plaintiff, before he was entitled to these proceedings, should prove before the referee, by common-law proof, that the defendants had possession of the books in question.

As far as the disposition of this motion was concerned, it was entirely immaterial whether the referee considered these affidavits and depositions or not. The case was tried by the referee as though the question to be determined was, whether the defendants were to be deemed in possession of these books on the proof presented before him, and he found that, under the circumstances, the burden

of proof of showing the fact that these books were not in their possession was upon the defendants; and in this, we think, he was clearly right for two reasons : First, because the order of Mr. Justice BARRETT required the production of the books, and if the defendants did not obey this order they were bound to show the reason why; and this, under the ruling of the referee, made at the suggestion of the defendant's counsel, could only be done by the production of common-law proof that the books called for did not exist, or that they could not be produced by the defendants, because they knew nothing of their whereabouts and could not ascertain the same. The denials contained in the examination of the defendants could not be received as such proof, even if offered for that purpose, which they were not, because they were not common-law proof. The reference was ordered because these denials did not satisfy the learned justice before whom the motion was made, and he desired that an oral examination should be had upon this point before an officer who could see the witnesses and judge from their appearance, as well as from the testimony given, of the verity of their utterances. The books having been ordered to be produced, the burden was upon the defendants to excuse their failure to obey. The second reason why the burden of proof was upon the defendant to excuse their neglect to produce the books is because, under the law under which the Union Square Printing Company was organized, the trustees were bound to keep a book of the character called for by the subpœna, and the failure to keep such a book was prescribed by the statute to be a misdemeanor. The presumption, therefore, was that the trustees of this corporation had performed their duty, had not been guilty of a misdemeanor, and had kept the book in question; and, such being the fact, that the book was in existence and had been kept as required by the statute. Each trustee was liable to be compelled to produce that book in court, under the provisions of the Code, for the purpose of being used in connection with his examination to refresh his memory upon points upon which he might be examined by reference thereto.

In the case of the *People* v. *Pease* (27 N. Y. 74) this rule, in regard to presumptions, is distinctly recognized. In that case the question arose as to the right of a person who was alien born to vote. It was claimed that in the absence of any proof of natural-

ization, such vote must be disallowed; the court, upon the other hand, held that as the voter could not be presumed to have committed a crime, which he would have done had he voted without being naturalized, in the absence of all proof upon the subject, it must be presumed that he had become a citizen before offering his vote; and the principle laid down by Greenleaf in his work on Evidence, that "where the negative allegation involves a charge of criminal neglect of duty, whether official or otherwise, or fraud, or the wrongful violation of actual lawful possession of property, the party making the allegations must prove it, for in these cases the presumption of law, which is always in favor of innocence and quiet possession, is in favor of the party charged," was referred to with approval. And the court proceed to say that the request to charge in the case cited involved something more than a criminal neglect of duty or fraud. If the party voted without naturalization, the act constituted it a misdemeanor. The presumption against positive crime cannot be less strong than the presumption against fraud or criminal neglect of duty. The negative, therefore, which was involved in the plaintiff's request, could not be presumed but required to be proved by the party alleging it.

Applying the principles above enunciated to the case at bar, the presumption is that these trustees had done their duty and had kept the book required by law, and it being in existence it was supposed to be in the custody of the corporation, and its officers could be compelled to produce it. If no such book was in existence, it was the duty of the defendant to have shown the fact by competent common-law proof, according to the principles which were claimed upon the reference by their counsel, and which position was conceded by the referee. We think, as far as this motion to punish for contempt is concerned, the counsel for the defendants has entirely mistaken the presumptions arising from the position of the defendants, and that if he desired to excuse the failure to produce these books, either because of their non-existence or that they were not under the control of the defendants, it was necessary for him to establish those facts before the referee by evidence upon his part. He having failed to do so, the defendants stood before the court without any justification for the violation of the orders which have been made against them.

The allowance of the $100 counsel fee to the plaintiff's attorney, by way of indemnity, cannot be sustained. While the court has the power to impose, as a fine, an indemnity for legal expenses incurred in addition to those properly taxable, the amount of such indemnity must be ascertained by evidence, to which is to be applied the same rules of law as upon the trial of an action brought for the injury. The amount of such indemnity is, in no sense, in the discretion of the court, but the judgment of the court must be founded upon legal proof. (*Sudlow* v. *Knox*, 7 Abb. [N. S.] 420.) There was no such proof offered as to this $100 allowed for counsel fee, and consequently the order appealed from was erroneous and must be reversed, and the proceedings remitted to the Special Term for further procedure, but without costs.

Brady and Bartlett, JJ., concurred.

Order reversed and proceedings remitted to the Special Term for further procedure, but without costs.

