STATE OF MINNESOTA ex rel. WILLIAM J. HURD v. JOHN W. WILLIS,
District Judge.[1]

May 13, 1895.

Nos. 9571—(341).

Contempt—Review by Certiorari.

Where in contempt proceedings the penalty imposed is for the benefit of
a party, the order is appealable, and certiorari will not lie to review it;
but where the punishment is for a criminal contempt,—that is, one where
the penalty is imposed solely to vindicate the authority of the court,—the
order is not appealable, and it can be reviewed by certiorari. State v. Left-
wich, 41 Minn. 42, followed.

Criminal Contempt.

The relator in an action for a divorce, on the motion of the defendant
therein, was called into court to show cause why a peremptory order
should not be made directing the payment of alimony, as previously or-
dered, within a time to be fixed, and why, in the event of his failure to
comply with such order, he should not be punished for contempt of court.
Upon the hearing the court made its order granting the motion, and fixing
the punishment, in the event the relator failed to comply with the order,
but the court further convicted and punished him for a criminal contempt
for his past disobedience of its orders. Held, that so much of the order
as convicted him for a criminal contempt was not responsive to the motion;
that he could not be so convicted except upon a proper charge made,
with notice and opportunity to answer it. This much of the order is re-
versed, and writ quashed as to the balance.

Certiorari, on the relation of William J. Hurd, against the re-
spondent as judge of the district court for Ramsey county, to re-
view proceedings wherein an order was made punishing relator for
contempt. Writ quashed in part, and so much of the order as pun-
ished relator for a criminal contempt reversed.

*Henry & R. L. Johns* and *F. W. Zollman,* for relator.
*McCafferty & Noyes,* for respondent.

START, C. J. Certiorari to review contempt proceedings against
the relator in the district court for the county of Ramsey.

On April 10, 1895, in an action pending therein, wherein William

[1] Reported in 63 N. W. 169.

J. Hurd, the relator, was plaintiff and Anna A. Hurd was defendant, a motion on behalf of the defendant was presented to the respondent, as one of the judges of such court. The motion was based upon the affidavits of the defendant and her attorney and the records and files in the case, and was for a peremptory order against the plaintiff "(1) directing the payment of attorney's fees and alimony, as hereinbefore ordered by the court, and within a time to be fixed by the court, and that, in the event of the failure of the plaintiff to comply with such order, that he be punished for contempt of court; (2) restraining the plaintiff from in any manner disposing of his property, or any part thereof, until such order is complied with; (3) for costs of this motion." Thereupon the court made its order, the material part of which is as follows: "Ordered that the plaintiff herein show cause, at a special term to be held * * * on Saturday, the 20th day of April, 1895, * * * why defendant's motion hereto attached should not be granted." The plaintiff appeared in response to the order, and the hearing was adjourned to April 27, when the parties again appeared, and the order to show cause was heard, and the court on April 29, made its formal order, adjudging: First. That the plaintiff was guilty of contempt of court in not complying with the previous orders of the court for the payment of alimony, and ordered that the "plaintiff be, and he is hereby, fined, as and for contempt of this court, the sum of one hundred and twenty-five dollars, to be paid forthwith; and, in the event of his failure to so pay said amount, he be, and he is hereby * * * committed to the common jail in and for the county of Ramsey and state of Minnesota, and imprisoned therein until such fine be paid, not exceeding six months." Second. "Ordered, that the plaintiff be, and he is hereby, peremptorily required to pay on or before Tuesday, the 30th day of April, 1895, at 10 o'clock in the forenoon of said day, the amount set forth as being due, to wit, the sum of five hundred dollars heretofore allowed by the several orders of this court to the defendant * * * and, in the event of his refusal so to pay said sum, he be, and he is hereby, ordered to be committed to the common jail of Ramsey county and state of Minnesota, and be imprisoned therein until said amount is fully paid and liquidated."

A motion was made on behalf of the respondent to quash the

writ, on the ground that the order was appealable, and therefore certiorari will not lie.   While there is but one formal order in this case, yet it has a twofold aspect, for practically there are two orders in one.   The first subdivision of the order purports to punish the relator for a criminal contempt,—that is, one which obstructs the administration of justice, or tends to bring the court into disrepute;   and punishment is imposed, not for the benefit of any party or person, but to assert and vindicate the authority of the court.   The second subdivision deals with a civil contempt; that is, one where the punishment is imposed for the sole benefit of the party upon whose motion the proceedings are instituted.   No appeal lies from an order punishing a criminal contempt, but an appeal does lie from an order punishing a civil contempt.   Hence the first subdivision of the order is reviewable by certiorari; the second is not, for the relator's remedy is by appeal.   In re Fanning, 40 Minn. 4, 41 N. W. 1076;   State v. Leftwich, 41 Minn. 42, 42 N. W. 598.   Motion to quash must be denied as to the first subdivision of the order, and allowed as to the second.

The only question we can review in this case is the first subdivision of the order, convicting and punishing the relator for a criminal contempt.

The statute provides that where, as in the case at bar, the alleged contempt is not committed in the immediate presence and hearing of the court, the court, upon being informed by affidavit or other evidence of the facts constituting the contempt, must cite the party to be proceeded against by order to show cause, or issue its warrant to bring him before the court to answer the charge. When the accused is brought before the court or appears in response to the order, the court must proceed to investigate the charge by examining him and the witnesses for and against him; and, upon the evidence so taken, the court must determine whether the person proceeded against is guilty of the contempt charged. G. S. 1894, §§ 6157, 6158, 6165, 6166;   State v. Ives, 60 Minn. 478, 62 N. W. 831.

Now, it is perfectly apparent from the motion, which is the only basis for the order under review, that the relator was not called into court to answer for a past criminal contempt.   All that he was required to answer or show cause against was why a peremp-

tory order should not issue directing him to pay alimony and attorney's fees within a time to be fixed by the court, and, in the event of his failure to comply with such order, that he be punished as and for a contempt of court. There is no intimation either in the order or motion, which he was called upon to answer, that he was to be proceeded against and punished for his past conduct. On the contrary, he was called on to show cause why a definite time should not be fixed when he must pay the alimony, or be punished as for a contempt. The whole matter, so far as any suggestions of punishment were concerned, related to his future refusal to comply with the order to be made on the decision of the motion; or, in other words, he was brought into court to answer proceedings instituted solely for the benefit of the defendant, and not to vindicate the authority of the court. The second subdivision of the order is germane to such proceedings, but the first subdivision, convicting and punishing the relator for a criminal contempt, is in no manner responsive thereto, and cannot be sustained, for the manifest reason that it was not the charge which he was called into court to answer. He could not be convicted of a criminal contempt, except upon a proper charge made, with notice and opportunity to answer it.

So much of the order in this case as convicts and punishes the relator for a criminal contempt, being the first subdivision thereof, must be reversed; and, as to that portion of the order we have designated as the second subdivision, the writ is quashed, leaving the relator to pursue his remedy by appeal, if so advised.

So ordered.