## DE WITT v. GUNN.

(Superior Court of New York City, Special Term. May, 1895.)

CONTEMPT—FAILURE TO APPEAR IN SUPPLEMENTARY PROCEEDINGS.
    Under Code Civ. Proc. § 2285, limiting the fine for a civil contempt to the actual injury sustained by any party, a person adjudged guilty of contempt, in not appearing and submitting to an examination in supplementary proceedings, cannot be fined the entire amount of the judgment, but only the costs of the proceeding.

Action by De Witt against Gunn. Plaintiff moves to punish defendant for contempt. Granted.

Martin & Smith, for the application.

McADAM, J. The application is to punish the defendant for contempt in not appearing and submitting to an examination pursuant to an adjournment had in supplementary proceedings. The proposed order fines the defendant the entire amount of the judgment ($512.50), and directs his imprisonment till the payment of the fine. Section 2285 of the Code provides that, "where the misconduct proved consists of an omission to perform an act or duty which it is yet in the power of the defendant to perform, he shall be imprisoned only until he has performed it," and the fine is limited to the actual injury. Fenlon v. Dempsey, 7 N. Y. Supp. 435; Id., 50 Hun, 131, 2 N. Y. Supp. 763. Counsel will therefore amend the order by fining the defendant $30, the costs of the supplementary proceedings, and directing his imprisonment until he pays said fine and submits to the required examination.

(24 Civ. Proc. R. 409.)
## NICOLL v. PALMER et al.

(Common Pleas of New York City and County, Special Term. May, 1895.)

1. REMOVAL OF CAUSES—FROM DISTRICT COURT TO COMMON PLEAS.
    Under Code Civ. Proc. § 3216, providing that in certain cases a cause may be removed from a district court of New York City to the court of common pleas, on defendant's filing an undertaking, the removal may be ordered on the application of one of several defendants, where he was the only one served with summons, and appearing in the action.

2. SAME—ERRONEOUS RECITAL OF UNDERTAKING.
    An order for the removal of a cause from a district court of New York City to the court of common pleas (Code Civ. Proc. § 3216) will not be set aside because the undertaking filed by defendant incorrectly stated that defendants appeared and joined issue and applied for the removal, when in fact the motion was made by one defendant, who alone was served with summons and appeared in the action; but the undertaking may be amended.

Action by Nicoll against Eddy Palmer and another. Plaintiff moves for an order remanding the cause to the district court, from which