ALBERT DEPPE v. FRANKLIN C. FORD and Another.[1]

May 8, 1903.

Nos. 13,494—(67).

## Appealable Order.

An order discharging an order to show cause why a party should not be punished in civil contempt proceedings is appealable.

[1] Reported in 94 N. W. 679.

## Administration—Sale of Decedent's Real Property.

Whatever may be the law since the enactment of Laws 1901, c. 89, a probate court prior to that time was authorized to license an executor or administrator to sell the real estate of the decedent for the payment of the expenses of administration, or when it was for the best interest of the estate to do so, although there were no debts against the estate.

Appeal by W. S. Cilley, as receiver of the nonexempt property of defendant Franklin C. Ford, from an order of the district court for Washington county, Williston, J., discharging an order to show cause why said defendant should not be punished for contempt of court. Affirmed.

*A. C. Middelstadt,* for appellant.

*W. H. Williams,* for respondents.

START, C. J.

On July 21, 1902, a receiver of all of the property not exempt from execution of the defendant Franklin C. Ford was appointed in proceedings supplementary to execution by the order of the district court of the county of Washington. The defendant, by such order, was directed to execute and deliver to the receiver proper assignments and conveyances of all of his real estate wheresoever the same was situated. Thereupon the receiver made a written demand upon the defendant to convey to him certain lots and tracts of land therein described. The defendant conveyed a part of the land so demanded, but refused to so convey the remainder thereof. Upon the affidavit of the receiver setting forth such facts the district court made an order requiring the defendant to show cause why he should not be adjudged in contempt of court, and punished therefor. On the return day of the order the defendant appeared in response thereto, and the matter was heard and submitted to the court upon the affidavit of the receiver upon which the order was granted, and upon the affidavits of the defendant and his attorney, respectively, and the records and files in the proceeding. The district court made its order discharging the order to show cause, and the receiver appealed from the order.

1. The defendant here urges that the order is not appealable. The order was made in a proceeding to punish an alleged civil con-

tempt as distinguished from a criminal contempt. See State v. Willis, 61 Minn. 120, 63 N. W. 169. If the defendant refused to comply with the order of the court as to the conveyance of his land to the receiver to be applied in payment of the plaintiff's judgment, he (plaintiff) had the right—which was a substantial one—to have the defendant punished in order to compel him to make the conveyance. The order discharging the order to show cause was then a final one, affecting a substantial right upon a summary application in an action after judgment, and was, therefore, appealable. G. S. 1894, § 6140, subd. 6; State v. Leftwich, 41 Minn. 42, 42 N. W. 598; State v. Willis, supra. The order was also, it would seem, appealable as one affecting a substantial right in a special proceeding. Schuster v. Schuster, 84 Minn. 403, 87 N. W. 1014.

2. The affidavit of the defendant showed that he had complied with the order of the court, and had conveyed to the receiver all nonexempt property which he owned or had any interest in. He also stated in his affidavit that the particular parcels of land which the receiver claimed that he owned, and had not conveyed, were formerly owned by his mother, who died intestate seised thereof, leaving the defendant and his brother as her sole heirs at law; that on May 28, 1900, the probate court having jurisdiction of the settlement of her estate duly licensed the administrators of her estate to sell the whole of the land in question to pay taxes and the expenses of administration of her estate; that it was, pursuant to such order of license, duly sold, and the sale confirmed by the probate court; that the administrators duly conveyed the land to the purchaser; and that since such sale the defendant has had no interest whatever in any part of the land. There was no denial of the defendant's affidavit, nor were the records of the probate court offered in evidence by either party. The plaintiff claims that the administrators' sale of the land was void, because it could not be sold for taxes and the expenses of administration, but only to pay debts, legacies, and allowances to the widow and minor children.

Waiving the objection that the validity of the sale ought not to be determined in this proceeding, to which the purchaser is not

a party, we are of the opinion that it does not appear from the evidence before the district court that the sale was void. Whatever may be the law since the enactment of Laws 1901, p. 91 (c. 89), a probate court prior to that time was authorized under special circumstances to license an executor or an administrator to sell a part or all of the real estate of the decedent when it was necessary for the payment of the expenses of administration, or when it would be for the best interests of the estate to do so, although there were no debts against the estate. G. S. 1894, §§ 4576, 4580.

The license to sell the land in this case having been granted by the probate court having jurisdiction of the administration of the estate, the sale cannot be impeached collaterally for errors in the proceedings which culminated in the license. Rumrill v. First Nat. Bank, 28 Minn. 202, 9 N. W. 731; Curran v. Kuby, 37 Minn. 330, 33 N. W. 907; Kurtz v. St. Paul & D. R. Co., 61 Minn. 18, 63 N. W. 1. The trial court did not err in discharging the order to show cause.

Order affirmed.