# RED RIVER POTATO GROWERS ASSOCIATION v. J. W. BERNARDY and Others.[1]

January 8, 1915.

Nos. 19,078—(57).

**Contempt — right of appeal.**
1. From an order imposing punishment for civil contempt there is a right

[1] Reported in 150 N. W. 383.

Note.—On the question whether proceeding for contempt for violation of an injunction is civil or criminal, see notes in 13 L.R.A.(N.S.) 591; 34 L.R.A.(N.S.) 874, and 42 L.R.A.(N.S.) 793.

of appeal. From an order imposing punishment for criminal contempt there is no right of appeal.

**Civil contempt — annulment of order.**

2. A proceeding in civil contempt is one instituted in a civil action for the benefit of a party to the action, and where punishment is imposed it is remedial, and is imposed for the benefit of the party and to aid in the enforcement of his rights. The contempt proceeding being in aid of the enforcement of the order disobeyed, it falls with the annulment of that order.

**Criminal contempt — annulment of order.**

3. A proceeding in criminal contempt is one instituted for the sole purpose of penalizing the defendant. Its purpose being public, an order punishing a person for criminal contempt does not fall on account of irregularity of the order disobeyed, unless the court was without jurisdiction to make it.

**Fines revoked by reversal on appeal.**

4. Orders in this case imposing fines to be paid to the plaintiff were orders in civil contempt, and, since the order disobeyed was reversed on appeal, the orders imposing the fines must also be reversed.

**Violation of injunction.**

5. Orders imposing simple fines for contempt of court in violating an injunction, where the forbidden acts have been wholly performed and cannot be recalled, are orders in criminal contempt.

Appeal by defendants from four judgments of the district court for Clay county, Nye, J., adjudging them guilty of contempt of court. Remanded with direction to proceed in accordance with the opinion.

*Leonard Eriksson,* for appellant.

*F. H. Peterson,* for respondent.

HALLAM, J.

This case comes before this court on appeal from certain orders or judgments punishing the defendants for contempt of court.

Early in 1913, plaintiff association engaged in business at Barnesville, Minnesota, in marketing the potatoes of its stockholders. Defendant Cary was its president and was in charge of the business. In July, 1913, Cary resigned. During the fall of 1913, Cary and Bernardy conducted a business of handling potatoes. Whether the business they so conducted was the business of the association or of

these defendants, the trial court has not decided. Plaintiff claims it was not its business, but that defendants used the name of plaintiff in such manner that claims have been presented against plaintiff arising out of that business and upon which plaintiff may be obliged to respond. In February, 1914, plaintiff commenced action for the appointment of a receiver to take charge of all the property, assets and effects of the business conducted by defendants during the period from August, 1913, to January 13, 1914, including potatoes in a certain warehouse. The court made an interlocutory order appointing a receiver, and therein ordered defendants to deliver to such receiver all books, papers and vouchers in any way connected with the conduct and operation of said business, and all of the potatoes in said warehouse. This order was subsequently reversed by this court. (126 Minn. 440, 148 N. W. 449). In the meantime, however, the receiver had demanded possession of said property, such demand had been refused, and plaintiff had instituted proceedings to punish defendants for contempt of court. The trial court found as a fact that at the time of such demand and refusal the defendants had in their possession or under their control certain of the books, papers and vouchers covered by said order, and also the potatoes in said warehouse, and adjudged the defendants in contempt and adjudged that defendant Cary "pay a fine of $50 as costs to assist in paying plaintiff's witnesses and attorney's fees herein" and that defendant Bernardy "pay a fine of $50, and in addition thereto the amount of $75 as costs to assist in paying plaintiff's witnesses and attorney's fees herein."

Some time later the court made another order enjoining defendants from removing or interfering with the potatoes in said warehouse. This order defendants disobeyed by loading some of the potatoes upon cars for shipment out of the state. Upon a second proceeding to punish the defendants for contempt of court, the court again adjudged them in contempt and adjudged that they each pay a fine of $75. Defendants appeal from all of the judgments.

It is important to determine whether these are preceedings in civil or criminal contempt. From an order imposing punishment for civil contempt there is a right of appeal. State v. Willis, 61 Minn. 120,

63 N. W. 169; Deppe v. Ford, 89 Minn. 253, 94 N. W. 679. From an order imposing a punishment for criminal contempt the legislature has provided no right of appeal. State v. Leftwich, 41 Minn. 42, 42 N. W. 598; State v. Willis, 61 Minn. 120, 63 N. W. 169.

A proceeding in civil contempt is one instituted in a civil action for the private benefit of a party to the action, and where punishment is imposed it is remedial and is imposed for the benefit of the party and to aid in the enforcement of his alleged rights. Being part of the proceedings in the civil action, the contempt proceeding falls with the dismissal of the action and with any termination of it adverse to the party instituting the contempt proceeding. It falls too with the reversal or other annulment of the order disobeyed. The reason for this is obvious. The contempt proceeding, being in aid of the enforcement of such order, it can have no life or vitality after the order to be enforced has been annulled. Worden v. Searls, 121 U. S. 14, 7 Sup. Ct. 814, 30 L. ed. 853; Gompers v. Bucks Stove & Range Co. 221 U. S. 418, 31 Sup. Ct. 492, 55 L. ed. 797, 34 L.R.A.(N.S.) 874.

A proceeding in criminal contempt is one instituted for the sole purpose of penalizing the defendant. Its purpose is public and it is resorted to to maintain and vindicate the authority of the court and to secure the orderly conduct of court procedure. A proceeding in criminal contempt does not fall because of the irregularity of the order disobeyed, or with any termination of the action or proceeding of which it is a part, unless the court was without jurisdiction in the premises and for that reason the order was entirely void, for the proceeding, being public in its nature, is in no sense dependent on the disposition by the parties of the private controversy between themselves. Elwell v. Goodnow, 71 Minn. 383, 73 N. W. 1092.

The same act of disobedience may have a double aspect. It may warrant punishment both for civil and for criminal contempt, that is, it may warrant an order in aid of the rights of the other party and also an order to establish and vindicate the authority of the court as well. This situation frequently arises in cases where a defendant in divorce has disobeyed an order requiring the payment of ali

mony. In re Fanning, 40 Minn. 4, 41 N. W. 1076; State v. Willis, 61 Minn. 120, 121, 63 N. W. 169.

Coming now to the orders made in this case, it is clear that the orders in the first contempt proceeding are orders punishing the defendants for civil contempt. In the case of Cary, all, and in the case of Bernardy, the major part, of the penalty imposed was for the benefit of the plaintiff in the action. The orders were accordingly appealable, and it must be held that the contempt proceeding fell with the reversal of the order which was disobeyed. The orders now appealed from must, therefore, be reversed.

The orders in the second proceeding are of a different character. By their terms they impose a simple fine for contempt of court. This form of order would indicate that the proceeding is in criminal contempt, but the form of the order is not conclusive. If in fact the act is wholly the disobedience, by one party to a suit, of a special order made in behalf of the other, and the order disobeyed may still be obeyed, and the purpose of the punishment is to aid in the enforcement of obedience, the proceeding, notwithstanding its form, is in fact a proceeding in civil contempt. Gompers v. Bucks Stove & Range Co. 221 U. S. 418, 31 Sup. Ct. 492, 55 L. ed. 797, 34 L.R.A. (N.S.) 874; Deppe v. Ford, 89 Minn. 253, 94 N. W. 679. But where the forbidden act has been wholly performed and cannot be recalled, then the act is a mere contempt of the court rather than a disregard of the rights of the adverse party, the punishment in contempt can have no remedial aspect, and the proceeding becomes in its nature criminal. State v. Bland, 189 Mo. 197, 212, 88 S. W. 28, 3 Ann. Cas. 1044; Gompers v. Bucks Stove & Range Co. supra. The second proceeding is of this character. The order enjoined interference with certain property. Defendants interfered. The act had been done. The order could no longer be obeyed. The punishment had no civil or remedial aspect, but was essentially criminal. The proceeding being one for criminal contempt, the orders or judgments are not appealable, and the appeals therefrom are dismissed. The only remedy of defendants was by *certiorari*.

Case remanded with direction to proceed in accordance with this opinion.