STATE EX REL. JAKE EDER AND ANOTHER v. J. N. SEARLES AND ANOTHER.[1]

December 20, 1918.

No. 21,143.

**Mandamus — order imposing fine and imprisonment — how reviewable.**

1. An order in contempt proceedings imposing a fine for the disobedience of a writ of mandamus commanding the furnishing of telephone service and imprisonment until compliance with it is of a dual char-

1Reported in 170 N. W. 198.

acter. In respect of the fine it is in vindication of the authority of the court and imposes punishment for a contempt criminal or quasi-criminal in character and is reviewable on certiorari. In respect of the imprisonment it is a remedy of a party to coerce obedience and is reviewable on appeal.

**Mandamus — such order not prohibited by statute.**

2. Such an order does not impose a fine nor an imprisonment such as is prohibited by G. S. 1913, § 8355.

**Same — disobedience of writ — financial ability of offender.**

3. It is not incumbent upon the party prosecuting a contempt proceeding for the disobedience of a writ to go forward with his proofs of the financial ability of the one commanded by the writ to comply with it.

Upon the relation of Jake Eder and Max Krause the supreme court granted its writ of certiorari directed to the district court for Washington county, the Honorable J. N. Searles, judge thereof, and the clerk of that court, to review contempt proceedings in that court wherein relators were fined $50 each. Order imposing fine affirmed.

*Comfort & Comfort,* for relators.

*Clifford L. Hilton,* Attorney General, *Henry C. Flannery,* Assistant Attorney General, and *Edwin D. Buffington,* for respondents.

DIBELL, J.

Certiorari to the district court of Washington county to review its order adjudging the relators guilty of contempt.

1. In a proceeding in mandamus on the relation of the Attorney General the Four Lakes Rural Telephone Company, a copartnership, was directed to furnish one Henry Sullwold the same telephone facilities and service that it furnished others similarly situated. See State v. Four Lakes R. Tel. Co. supra, page 124, 169 N. W. 480. The relators Jake Eder and Max Krause are members of the copartnership, the former being designated president and the latter secretary. The company did not furnish service as directed and upon an order to show cause the relators were adjudged in contempt and were fined $50 each and were ordered committed to the county jail until they furnished the service directed not exceeding six months.

This order is of a dual character. So far as it imposes imprisonment to coerce obedience to the writ and the furnishing of service it is a remedy for the benefit of a party; and so far as it imposes a fine it is in vindication of the authority of the court and is a punishment for a contempt criminal or quasi-criminal in character. In the first aspect it is reviewable on appeal; in the latter on certiorari, and there is therefore before us only the question of the propriety of the imposition of a fine. State v. Willis, 61 Minn. 120, 63 N. W. 169; State v. Leftwich, 41 Minn. 42, 42 N. W. 598; In re Fanning, 40 Minn. 4, 41 N. W. 1076; Deppe v. Ford, 89 Minn. 253, 94 N. W. 679; Red River P. G. Assn. v. Bernardy, 128 Minn. 153, 150 N. W. 383.

2. It is provided by G. S. 1913, § 8355, that before a constructive contempt can be punished by imprisonment or by a fine exceeding fifty dollars it must appear that the right or remedy of a party was defeated or prejudiced thereby; and by G. S. 1913, § 8365, it is provided that when the contempt consists in the omission to perform that which the party adjudged in contempt can yet perform he may be imprisoned until he performs.

As noted before the order gives a coercive remedy to the party wronged and punishment of the relators for their criminal or quasi-criminal contempt. The fine was the punishment, and without a showing that a right or remedy was defeated or prejudiced, and none was found, the amount of it could not exceed fifty dollars. State v. Miesen, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513. The imprisonment was for purposes of coercion and was authorized by section 8365. The act of the relators in disobeying the judgment in mandamus has resulted in two consequences: One the imposition of a fine as authorized by section 8355, and the other the imposition of imprisonment terminable upon compliance with the writ as authorized by section 8365. There has not been a fine nor an imprisonment forbidden by section 8355. See Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728.

3. At the hearing the relators offered no testimony. It is their contention that their ability to comply with the writ must be shown affirmatively before they can be found in contempt. This contention we do not sustain.

It is not necessary to enter upon a discussion of the burden of proof

and the presumption of innocence in the various classes of criminal or quasi-criminal contempt. The wrong of the relators was the disobedience of a writ issued upon a judgment of the court rendered after a hearing to which the telephone company was a party. In such a case it is not necessary that the prosecuting party go forward with proofs of the financial ability of the relators to comply with the writ authorized by the judgment. See St. Louis & S. F. R. Co. v. State, 26 Okla. 764, 110 Pac. 759; State v. Nelson, 29 'N. D. 155, 163, 150 N. W. 267; Slackman v. Kaufman, 160 N. Y. Supp. 786; In re Meggett, 105 Wis. 291, 81 N. W. 419; Fenlon v. Dempsey, 50 Hun, 131, 2 N. Y. Supp. 763; London Co. v. Doyle & Doak, 134 Fed. 125; 13 C. J. 77, nn. 88, 89; 10 Cent. Dig. Contempt, § 183; 4 Dec. Dig. Id. § 60; 5 Sec. Dec. Dig. Id.; 3 Enc. Ev. 470. The rule is applied to orders for the payment of alimony, and it is generally held, as it is with us, that the burden of showing inability to pay is upon the one directed to pay. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728. A rule which would put upon the prevailing party in mandamus the burden of adducing proofs in the first instance that the public service concern furnishing a public utility was financially able to furnish the service directed by the writ would be intolerable. Whether the company can show financial inability in this proceeding to avoid the command of the writ is not discussed and is not considered. See State v. Giddings, 98 Minn. 102, 107 N. W. 1048. It is obvious that the financial burden is trifling.

The order so far as it imposes a fine is affirmed. The writ of certiorari, so far as it is directed against the part of the order imposing imprisonment is quashed.

Order imposing fine affirmed.