JAMES O. PROPER AND OTHERS v. MARIA R. PROPER.
E. ROSLYN COLBURN, RELATOR-APPELLANT.[1]

Nos. 29,044, 29,052.

January 20, 1933.

[1]Reported in 246 N. W. 481.

*Timerman & Vennum, Franklin Petri, D. C. Sheldon,* and *A. J. Rockne,* for relator-appellant.

*Plato E. Sargent,* for plaintiff-respondents.

DIBELL, JUSTICE.

The relator was adjudged guilty of contempt. He appealed from the order so adjudging him. He also procured a writ of certiorari to review the order.

The rule is that if a contempt is a criminal contempt, one simply to impose a punishment, it can be reviewed only by certiorari; but if it is one to aid the enforcement of a civil remedy, as by compelling the one adjudged in contempt to deliver property in his possession, it is a civil contempt reviewable by appeal. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 1702-1708a.

The relator was not a party to the action hereafter mentioned, wherein there were supplementary proceedings, nor was he made a party to such proceedings. He was the agent of his mother, the defendant, Maria R. Proper. He was a witness in the supplemen-

tary proceedings. It was disclosed, or there is just claim for asserting, that he had in his possession property belonging to his mother, the defendant, for whom Joseph W. Holliday was appointed receiver in supplementary proceedings. The record is confused and in some respects indefinite. The order adjudged the relator guilty of contempt and required him to deliver certain property to the receiver or be confined in the county jail for a period not exceeding 90 days unless purged of the contempt. As we construe the order in connection with other proceedings in the case, it was a civil contempt, and the order in the contempt proceeding was reviewable on appeal. The writ of certiorari is therefore dismissed, and the questions involved are considered on appeal. In the condition of the record the relator was justified in procuring a writ of certiorari, and no costs will be awarded against him upon its dismissal. In result it is not of the slightest difference whether the review be by one method or the other.

■ On February 28, 1931, in a suit on contract, judgment was entered in favor of the plaintiffs and against the defendant, Maria R. Proper, for $16,052.92. This judgment was entered upon a verdict of $15,879, in favor of the plaintiffs and against the defendant, rendered shortly before. After the verdict and prior to the rendition of the judgment the defendant moved for judgment notwithstanding or a new trial, which was denied. There was an appeal. There was not a supersedeas. On March 4, 1931, an execution was returned unsatisfied and an order made for the defendant to appear in proceedings supplementary to execution. In this proceeding on April 29, 1931, Joseph W. Holliday was appointed receiver of Mrs. Proper. The proceeding dragged.

On June 5, 1931, the order denying a new trial in the case of the plaintiffs against Mrs. Proper was reversed in the supreme court. Proper v. Proper, 183 Minn. 481, 237 N. W. 178. After the reversal the lower court, the judge who had presided at the trial sitting, entered an order on July 15, 1931, as follows:

"Ordered that the judgment in favor of plaintiffs and against defendant, docketed herein on February 28, 1931, for the sum of

$16,052.92 be and it is hereby set aside and vacated (and all proceedings had thereunder or/by virtue of said judgment, including execution and supplementary proceedings are hereby declared void and of no effect, and plaintiffs are hereby ordered to forthwith restore to defendant all moneys or property received by virtue of said judgment, supplementary proceedings or execution)."

On March 16, 1932, an order for contempt was entered as follows:

"Wherefore, it is ordered, adjudged and decreed that defendant, Roslyn Colburn, is guilty of contempt of court and said Roslyn Colburn be punished for such contempt by imprisonment in the county jail in Goodhue county for a term of 90 days or until sooner discharged therefrom according to law. This contempt may be purged by said Roslyn Colburn by compliance with the terms of the order, if they can be complied with, * * *."

The appointment of the receiver is of course not subject to collateral attack. We do not concern ourselves with it. There has been no appeal. Nor do we consider whether in a summary manner, without suit, the receiver could compel one in the position of the relator to turn over to the receiver the securities claimed to belong to the party of whom he was receiver.

On March 16, 1932, when the order of contempt was entered, the situation was just this: A new trial had been granted by the supreme court in the action in which the judgment was entered upon which the supplementary proceedings were based. The judgment had been vacated on July 15, 1931, eight months before, by the trial court in which it had been entered. This was the judgment upon which all proceedings rested. It is clear that under the circumstances delivery of the securities cannot be coerced by contempt proceedings. No case is cited, and we have found none. Perhaps there are none.

The circumstances may be very aggravating. There was trouble between Mrs. Proper, the defendant, and her son on the one side, and the plaintiffs, who were relatives of the defendant's deceased husband and who, but for the defendant, would have shared in his

property. The defendant exhibited no frankness in the disclosure of her property. The relator, her son, apparently had been intrusted with it. There was something to indicate that it had been dissipated. He was a bond salesman connected with some of the institutions in Minneapolis and was buying and selling, perhaps at random, but that is not a question that we meet now. There is no judgment, as far as the record appears, upon which supplementary proceedings against Mrs. Proper could be based. It does not appear what became of the action after the reversal. In such a case contempt proceedings should not be used to compel the delivery of the securities.

Writ of certiorari dismissed and order of contempt reversed.

### ON APPLICATION FOR REARGUMENT.

On February 24, 1933, the following opinion was filed:

PER CURIAM.

The plaintiffs move for a reargument. In paragraph two we quoted the order of July 15, 1931, which vacated the judgment after the reversal here of the order denying a new trial, and included a statement appearing therein in parentheses that the property taken should be returned. The order was so printed in the paper book, though there was a notation that the portion in parentheses had been stricken by the judge who tried the case. Upon inspection of the original files it appears that these lines were stricken before signing. It was our mistake in not noting the statement in the paper book that they were stricken.

It is recited in the paper book that on November 23, 1931, the second trial came on for hearing. There is a pen insertion to the effect that it resulted in judgment against the defendant on January 4, 1932. The original files show this to be so, and we were in error. These mistakes are not vital and do not change the result. We take this opportunity of correcting them.

The case is in the court below for any proper proceeding.

Petition for rehearing denied.