A. C. SPANNAUS AND ANOTHER v. THEODORE F. LUECK.[1]

April 14, 1938.

No. 31,634.

[1]Reported in 279 N. W. 216.

*K. D. Stalland,* for appellants.

*W. F. Odell,* for respondent.

GALLAGHER, CHIEF JUSTICE.

On February 18, 1938, an order was made and filed in this court dismissing plaintiffs' appeal. They now move to vacate the order of dismissal and to reinstate the appeal.

Plaintiffs, duly licensed veterinary surgeons, instituted an action in the district court of McLeod county, as individual practitioners and as members of the ethics committee of the Minnesota State Veterinary Medical Association to enjoin defendant from practicing veterinary medicine in the state of Minnesota. On July 3, 1936, the Honorable C. M. Tifft, judge of the eighth judicial district, made and filed findings of fact, conclusions of law, and an order for judgment granting an injunction. Judgment was thereafter entered in accordance with the findings and conclusions.

On September 22, 1937, on petition of plaintiffs' attorney, an order was issued by the Honorable J. J. Moriarty, successor to Judge Tifft, requiring defendant to show cause why he should not be punished for contempt for failing to comply with the provisions of the injunction. On the return day defendant appeared specially and objected to the jurisdiction of the court on the grounds: (1) "That the findings and order and the judgment alleged in the complaint in said proceeding to have been made and entered by said court on or about July 3, 1936, is void on the ground that it appears from said order and judgment that said court had no jurisdiction of the subject matter of said proceeding," and (2) "that the proceeding now before the court is one in effect a proceeding to

punish the defendant for an alleged violation of the statutes prohibiting the practice of veterinary medicine without a license, contrary to the provisions of Section 5851 of Mason's Minnesota Statutes for 1927, and the amendments thereto which prescribes the sole and only method of proceeding against a person alleged to have practiced veterinary medicine without a license." Judge Moriarty found that defendant's objections to the jurisdiction of the court were well taken, discharged the order to show cause, and dismissed the proceeding. From that order an appeal was taken to this court.

Defendant made and filed a written motion for dismissal here on the ground "that such appeal is from an order of the District Court for McLeod County, Minnesota, discharging an order to show cause issued in a proceeding, and dismissing a proceeding, brought to impose punishment on respondent for an alleged criminal contempt, and such order of the District Court is not an appealable order." This motion was granted, and the appeal was dismissed.

It is earnestly urged by counsel for appellants that we erred in granting respondent's motion to dismiss. They contend that the appeal was not "from an order determining the guilt or innocence of the defendant in contempt" but "an appeal from an order discharging an order to show cause on the grounds of lack of jurisdiction of the subject matter of the action."

The mode of review in contempt proceedings depends upon whether the alleged contempt is civil or criminal. If civil, that is, to aid in the enforcement of a civil remedy, the review must be by appeal. If criminal, that is, to maintain the authority of the court by imposing punishment, the order must be reviewed by *certiorari*. Red River P. G. Assn. v. Bernardy, 128 Minn. 153, 150 N. W. 383; Campbell v. Motion P. M. Operators, 151 Minn. 238, 186 N. W. 787; Proper v. Proper, 188 Minn. 15, 246 N. W. 481; State ex rel. Edwards v. Davis, 2 N. D. 461, 51 N. W. 942. We are not persuaded by plaintiffs' argument that their appeal was good because the trial court's order discharging the order to show cause and dismissing the proceedings was based upon the mistaken belief, if such it was, that the court lacked jurisdiction. The only proceeding before the court

at the time was an application to have defendant punished for criminal contempt. By discharging the order to show cause and dismissing the proceedings the trial court denied that relief. The effect was a refusal to inflict punishment in a criminal contempt proceeding, and plaintiffs' remedy was to review by *certiorari*. The fact that the court may have discharged the order to show cause for a wrong reason did not change the effect of the order. Being in a criminal contempt proceeding, it could only be reviewed by *certiorari*.

Counsel for appellants appears to be unduly apprehensive of his right to review by *certiorari* if upon the initiation of a new contempt proceeding the same result should follow. Sufficient has been said herein to indicate that *certiorari* would be the proper procedure in the event of a denial of the relief requested. We do not believe that the trial court would decline, upon a proper showing, to issue an order to show cause. Even in that event, counsel would have the remedy of *mandamus*. State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198; State ex rel. Schendel v. District Court, 156 Minn. 380, 194 N. W. 780. The motion to vacate the order of this court dated February 18, 1938, and to reinstate the appeal is denied.

[1]Reported in 279 N. W. 218.