SWIFT & COMPANY v. UNITED PACKING HOUSE WORKERS OF AMERICA, AFFILIATED WITH CIO, AND OTHERS. MILTON SIEGEL, APPELLANT.[1]

May 27, 1949.

No. 34,885.

*Hall, Smith, Enkel & Hedlund,* for appellants.
*Grannis & Grannis,* for respondent.

PER CURIAM.

Motion by plaintiff for an order dismissing the appeal of the above-named defendants from the ruling of the trial court denying defendants' motion at the start of the trial to dismiss the charge of criminal contempt against defendant Milton Siegel and from the order of the trial court entered Au-

[1]Reported in 37 N. W. (2d) 831.

gust 27, 1948, denying defendants' motion for an order setting aside the verdict and judgment rendered and dismissing the charge of criminal contempt against Milton Siegel, on the following grounds:

(1) That the only right of review herein is by certiorari and not by appeal.

(2) As to the appeal of all the defendants, except Milton Siegel, on the further ground that said defendants are not parties to this contempt proceeding.

On March 20, 1948, Milton Siegel and the other defendants in the above-entitled action were restrained by the district court of Dakota county from interfering in any manner, among other things, with the free access to plaintiff's plant, office, and machinery in the city of South St. Paul, Minnesota. On or about March 31, 1948, a notice of motion and order to show cause were served upon Milton Siegel for the purpose of obtaining an order adjudging him in contempt of court for failure to comply with the restraining order and directing him to indemnify plaintiff for its actual loss or injury caused by the alleged contempt of court. The contempt proceedings came on for trial before the district court of Dakota county on May 18, 1948. Plaintiff moved the court that only the criminal aspects of the contempt charge be tried at that time, as it claimed that it had not then had sufficient time to prepare the facts necessary to be proved in order to substantiate its charge for civil contempt; defendant made no objection to that motion, and the case then proceeded to trial on that aspect of the case. The trial court denied plaintiff's motion to try the case to the court without a jury. On May 24, 1948, the jury found Siegel guilty of criminal contempt, as follows:

"We, the Jury duly impaneled and sworn to try the guilt or innocence of the above named defendant find the said defendant Milton Siegel guilty of Criminal Contempt of Court. Dated at Hastings, Minnesota, this 24th day of May 1948. s/ Mrs. R. C. Copenhaver, Foreman."

At the start of the trial and after the verdict, defendant Siegel moved for dismissal on the ground that plaintiff, a private litigant, had no authority to prosecute a charge of criminal contempt. There is no dispute about the fact that at all times during the trial of the contempt proceedings the county attorney of Dakota county did not appear and that the only attorney who appeared on behalf of plaintiff was its own private attorney.

1. With reference to plaintiff's contention that the only right of review here is by certiorari, this court said in Campbell v. Motion P. M. Operators, 151 Minn. 238, 239, 186 N. W. 787, 788:

"Proceedings against persons charged with contempt of court are of two

classes: Those prosecuted to maintain and vindicate the authority of the court; and those prosecuted to make effective the remedy given to a private party. Proceedings of the first class are purely penal in their nature and their purpose is to enforce obedience to lawful authority in the interest of the public. Those of the second class are civil in their nature and their purpose is to secure to a private party the rights to which he is entitled. Contempts prosecuted in proceedings of the first class are commonly designated as criminal contempts, and those prosecuted in proceedings of the second class as civil contempts. Both may be, and frequently are, combined in one proceeding, but in such cases the punitive part of the proceeding must conform to the law governing criminal contempts and the remedial part of it to the law governing civil contempts. State [ex rel. Hurd] v. Willis, 61 Minn. 120, 63 N. W. 169; Red River Potato Growers Assn. v. Bernardy, 128 Minn. 153, 150 N. W. 383. A conviction for a criminal contempt is not appealable, but may be reviewed by certiorari; a conviction for a civil contempt is appealable."

In Red River P. G. Assn. v. Bernardy, 128 Minn. 153, 157, 150 N. W. 383, 384, this court distinguished between a proceeding in civil contempt and one in criminal contempt and said:

"* * * If in fact the act is wholly the disobedience, by one party to a suit, of a special order made in behalf of the other, and the order disobeyed may still be obeyed, and the purpose of the punishment is to aid in the enforcement of obedience, the proceeding, notwithstanding its form, is in fact a proceeding in civil contempt. Gompers v. Bucks Stove & Range Co. 221 U. S. 418, 31 Sup. Ct. 492, 55 L. ed. 797, 34 L.R.A.(N.S.) 874; Deppe v. Ford, 89 Minn. 253, 94 N. W. 679. But where the forbidden act has been wholly performed and cannot be recalled, then the act is a mere contempt of the court rather than a disregard of the rights of the adverse party, the punishment in contempt can have no remedial aspect, and the proceeding becomes in its nature criminal. State [ex rel. C. B. & Q. R. Co.] v. Bland, 189 Mo. 197, 212, 88 S. W. 28, 3 Ann. Cas. 1044; Gompers v. Bucks Stove & Range Co. supra."

Referring to the mode of review by this court in connection with contempt proceedings, we said in Spannaus v. Lueck, 202 Minn. 497, 499, 279 N. W. 216, 217:

"The mode of review in contempt proceedings depends upon whether the alleged contempt is civil or criminal. If civil, that is, to aid in the enforcement of a civil remedy, the review must be by appeal. If criminal, that is, to maintain the authority of the court by imposing punishment, the order must be reviewed by *certiorari*. Red River P. G. Assn. v. Bernardy, 128

Minn. 153, 150 N. W. 383; Campbell v. Motion P. M. Operators, 151 Minn. 238, 186 N. W. 787; Proper v. Proper, 188 Minn. 15, 246 N. W. 481; State ex rel. Edwards v. Davis, 2 N. D. 461, 51 N. W. 942."

It appears clear in connection with the motion before us that the only matter considered at the trial was that of criminal contempt against Milton Siegel. The entire proceedings appear to have been in accordance with criminal procedure, and the jury found Milton Siegel guilty of criminal contempt.

It is apparent here from our previous decisions that inasmuch as Milton Siegel was tried only on the matter of the alleged criminal contempt it can be reviewed here only by certiorari and not by appeal. For that reason, plaintiff's motion to dismiss Siegel's appeal must be granted.

2. The appeal of the other defendants, who are not parties to this contempt proceeding, is dismissed.