**STATE of Minnesota, Respondent,**

v.

**Joseph Bernard ANDRASKO, Appellant.**

**No. C1–89–1797.**

Court of Appeals of Minnesota.

May 1, 1990.
Review Denied June 25, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Hugh A. Cameron, Itasca Cy Atty., Bernard L. Bodien, Michael J. Haig, Asst. County Attys. Grand Rapids, for respondent.

Thomas J. Bieter, Duluth, for appellant.

Considered and decided by SCHUMACHER, P.J., and FORSBERG and KLAPHAKE, JJ.

649

## OPINION

KLAPHAKE, Judge.

Appellant Joseph Andrasko was convicted of violation of a domestic abuse protection order under Minn.Stat. § 518B.01. The order in effect at the time of the violation was subsequently found by this court to be erroneously issued and reversed. The trial court denied appellant's pre-trial motion to dismiss the charge based on the reversal. The trial court also refused to give appellant's proffered jury instruction on defense of another. Andrasko appeals both these trial court rulings. We affirm.

## FACTS

Appellant, Joseph Andrasko worked in Alaska while maintaining a home and family in Minneapolis. On December 9, 1988, he returned to Minneapolis and found that his wife, Eva, had left him and with his two children moved in with Michael McLoudin in Grand Rapids, Minnesota.

On December 30, 1988, by an Order for Protection appellant was restrained from entering Eva's home. Joseph appealed the protection order to this court.

Meanwhile, Joseph and Eva agreed that Joseph would drive the children to Oklahoma to live with Eva's mother. On April 11, 1989, appellant went to the McLoudin apartment where Eva was. Appellant knocked at the door whereupon McLoudin told him to come back later. Joseph then kicked in the door and entered the apartment. A confrontation between Joseph and McLoudin resulted in McLoudin sustaining cuts on his face and hands. Appellant was charged on April 11, 1989, with one count of burglary, first degree; assault, second degree; and violation of an order for protection. Trial was set for September 13, 1989.

On August 1, 1989, this court filed *Andrasko v. Andrasko,* 443 N.W.2d 228 (Minn.Ct.App.1989). This court found an abuse of the trial court's discretion and reversed the protection order. On September 13, 1986, the trial court denied appellant's motion to dismiss the charge of viola-

tion of the order for protection based upon *Andrasko v. Andrasko.*

At trial, the appellant requested a self-defense/defense of another instruction pursuant to Minn.Stat. § 609.06(3) (1988). The instruction was rejected by the trial court. The jury returned a verdict of not guilty of burglary and assault, but guilty of violation of an order of protection. We affirm.

## ISSUES

1. Did the trial court err in denying appellant's motion to dismiss the violation of order for protection charge based on this court's decision the order was erroneously issued?

2. Did the trial court err in rejecting appellant's proposed self-defense instruction?

## ANALYSIS

1. In relevant part, the statute under which appellant was convicted states:

(a) Whenever an order for protection is granted pursuant to this section * * * violation of the order for protection is a misdemeanor.

&ast; &ast; &ast; &ast; &ast; &ast;

(c) A violation of an order for protection shall also constitute contempt of court * * *.

Minn.Stat. § 518B.01, subd. 14 (1988).

█ Appellant contends the trial court erred by denying his motion to dismiss the charge of violation of an order of protection after this court decided *Andrasko v. Andrasko.* He argues that since the protective order was wrongfully issued, it was not a lawful order and void *ab initio.* We disagree.

Traditionally, courts have distinguished between void *ab initio* and voidable judgments.

A judgment entered without due service of process is absolutely void, not merely irregular or erroneous. Generally, an erroneous judgment or one founded on some irregularity is voidable.

*Lange v. Johnson,* 295 Minn. 320, 324, 204 N.W.2d 205, 208 (1973) (citations omitted).

When a judgment is voided it suffers a defect so serious as to be regarded a nullity. 81 A.L.R.2d 540 (1962). However, a judgment is not void simply because it was erroneous. *Sheridan v. Sheridan,* 213 Minn. 24, 29, 4 N.W.2d 785, 788 (1942); *Park Elm Homeowner's Association v. Mooney,* 398 N.W.2d 643, 646 (Minn.Ct. App.1987). It therefore follows that while a court may not enforce a void judgment, it may enforce a voidable judgment until such judgment is found erroneous.

This distinction stems from our basic concept of jurisdiction. "A void judgment is one where the court lacks jurisdiction over the subject matter or over the parties." *Lange* 295 Minn. at 323, 204 N.W.2d at 208. Where the court lacks jurisdiction, the exercise of its power is in and of itself illegitimate. Here, there is no question as to the court's jurisdiction in issuing the protective order. The order was therefore not void *ab initio,* but rather voidable.

The policy in favor of enforcing voidable decisions until found erroneous is compelling.

A proceeding in criminal contempt is one instituted for the sole purpose of penalizing the defendant. Its purpose is public and it is resorted to maintain and vindicate the authority of the court and to secure the orderly conduct of court procedure.

*Red River Potato Growers Association v. Bernardy,* 128 Minn. 153, 156, 150 N.W. 383, 384 (1915). As stated by the U.S. Supreme Court:

[a]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceeding.

\* \* \* \* \* \*

Violations of an order are punishable as criminal contempt even though the order is set aside on appeal, \* \* \* or though the basic action has become moot.

*U.S. v. United Mine Workers,* 330 U.S. 258, 293–94, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947) (footnote omitted).

Appellant however argues this case should be controlled by *Wojahn v. Halter,* 229 Minn. 374, 39 N.W.2d 545 (1949). In *Wojahn* the defendant was jailed for contempt when he failed to pay $800 in satisfaction of a court approved settlement. The imprisonment was determined a violation of Minnesota's constitutional prohibition against imprisonment for debt. In distinguishing prior cases, the supreme court stated:

A lawful order or decree presupposes authority on the part of the court to make it. Where such authority is lacking, the order is not lawful, and the failure to obey it cannot be made a basis for a finding of contempt.

*Id.* at 382, 39 N.W.2d at 549.

*Wojahn* is distinguishable. The court in *Wojahn* effectively jailed defendant for a civil contempt. The purpose of the incarceration was remedial, aimed at vindicating the rights of the parties to civil litigation. It was an ongoing contempt that could be purged by payment. Here, the violation was a single act. It could not be purged by any action on appellant's part and conviction was for punitive rather than remedial purposes.

As stated in *Red River Potato Growers:* [W]here the forbidden act has been wholly performed and cannot be recalled, then the act is a mere contempt of court rather than a disregard of the rights of the adverse party, the punishment in contempt can have no remedial aspect, and the proceeding becomes in its nature criminal.

*Id.* 128 Minn. at 157, 150 N.W. at 384 (citations omitted). Because the trial court had jurisdiction to enter the order for protection, the vacation of the order after appellant violated it does not relieve appellant of the consequences of his acts.

■ 2. Appellant argues the trial court erred in refusing to instruct the jury on self-defense. We have carefully reviewed the record and find this contention to be without merit.

Physical force is allowable "when used by any person in resisting or aiding another to resist an offense against a person."

Minn.Stat. § 609.06(3). Before a person may invoke the doctrine of self-defense, however, he has a duty "to retreat or avoid the danger if reasonably possible." *State v. Johnson*, 277 Minn. 368, 373, 152 N.W.2d 529, 532 (1967).

Appellant was not convicted of either the burglary or assault charges against him. The violation of the protective order occurred when he arrived at Eva's home and kicked in the door. Thus, for purposes of this appeal, any self-defensive actions Joseph may have taken once McLoudin armed himself with a baseball bat are irrelevant.

Appellant contends he went to Eva's home because he reasonably feared for her safety. However, appellant's own testimony was that he went to the house to attempt reconciliation one last time. The trial court properly determined appellant's pursuit precluded him from a jury instruction on defense of another.

### DECISION

Affirmed.