Allen I. NILVA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15224.

United States Court of Appeals Eighth Circuit.

Dec. 21, 1955.

John W. Graff, St. Paul, Minn., for appellant.

Oliver Dibble, Sp. Asst. Atty. Gen., and Warren Olney, III, Asst. Atty. Gen., and William R. Mills, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

Judge COLLET, who prepared the opinion for the Court, died before the appellant's petition for a rehearing was received from the Clerk.

The petition fails to demonstrate that any controlling question of fact or law was overlooked by this Court. The appellant insists that the evidentiary basis for his conviction of criminal contempt is inadequate on the ground that incompetent evidence, consisting of excerpts from the record of the trial of Christianson and Paster, was received in the contempt proceeding and was relied upon by the District Court.

■ It was the conduct of Nilva which occurred in the presence of the District Court and the evidence introduced relative thereto during the trial of Christianson and Paster which resulted in the subsequent contempt proceeding against Nilva. The court could, we think, properly have proceeded summarily against Nilva for contempt under Rule 42(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. In Sacher v. United States, 343 U.S. 1, 11, 72 S.Ct. 451, 456, 96 L.Ed. 717, the Supreme Court said:

> "We hold that Rule 42 allows the trial judge, upon the occurrence in his presence of a contempt, immediately and summarily to punish it, if, in his opinion, delay will prejudice the trial. We hold, on the other hand, that if he believes the exigencies of the trial require that he defer judgment until its completion he may do so without extinguishing his power."

■ The District Court chose to proceed against Nilva at the completion of the trial under Rule 42(b), giving him a more adequate opportunity to produce evidence in explanation, exculpation or mitigation of his conduct. He cannot complain that he was proceeded against under the more favorable rule.

If the conduct of Nilva, found to have been both contumacious and obstructive, had been committed outside the presence of the court, the introduction of the evidence of which Nilva complains would present a serious question.

The fact that the trial court elected to proceed under Rule 42(b) rather than

**136**

under Rule 42(a) did not, in our opinion, place Nilva in any stronger position with respect to the admission of evidence to substantiate the charge that his conduct constituted contempt than he would have been in had he been proceeded against under Rule 42(a), although it gave him a better opportunity to defend against the charge.

We think the District Judge was entitled to consider what had occurred in his presence during the trial of Christianson and Paster as shown by the record in so far as it characterized the conduct of Nilva, and therefore did not err in receiving in evidence the excerpts from the record of the trial, of which Nilva complains. We adhere to our opinion that there was an adequate factual and legal basis for the judgment and sentence from which this appeal was taken.

The petition for a rehearing is denied.