Dorothy Joan HARTMAN,
Petitioner and Appellee

v.

Eugene Joseph HARTMAN,
Respondent and Appellant.

Civ. No. 11427.

Supreme Court of North Dakota.

Dec. 29, 1987.

Joseph H. Kubik, States Atty., Dickinson, for petitioner and appellee. Submitted on brief.

Schoppert Law Firm, New Town, for respondent and appellant. Argued by Thomas K. Schoppert.

GIERKE, Justice.

Eugene Joseph Hartman appeals from a district court order finding him in contempt of court for failing to disclose assets during hearings for enforcement of his child support obligation. We reverse.

Pursuant to a 1981 divorce decree Eugene was ordered to pay to his wife, Dorothy, $125 a month per child for the support of their two children. In 1984 the State commenced a proceeding under the Uniform Reciprocal Enforcement of Support Act [URESA], Ch. 14–12.1, N.D.C.C., to enforce the child support. During the next two years there were several hearings to determine Eugene's ability to pay child support. On April 22, 1986, the court issued an order requiring Eugene "to appear and show cause why he should not be held in contempt of court" for failure to make support payments. After a hearing the court issued the following order, dated July 14, 1986:

"1. The respondent (Eugene) shall immediately contact Job Service and more specifically Ron Lisko and complete the Job Search Assistance Work Shop Program as well as a complete general aptitude test and make himself available for the Job Training Act within one week from the date of this Order;

"2. If the respondent does not comply fully with this Order the Court will be so advised and proceed on the matter of contempt;

"3. Upon completion of all aspects of this Order the respondent shall return to the court on Monday morning at approximately 11:00 A.M. and give a full report to the Court concerning his present status of employment. If the respondent believes it is necessary for his attorney to appear the respondent shall

contact him and make arrangements for his appearance. The Court will expect the respondent's appearance in court within two weeks following the completion of the items set forth herein."

The report required by that order was continued·on September 29, October 6, and October 28, 1986. The last order for continuance specifically stated that a hearing to review the July 14, 1986 order was set for November 24, 1986. At that hearing Eugene disclosed for the first time that he and Dorothy jointly owned a house in Killdeer. According to Eugene the house had been leased and rent payments were sent directly by the lessee to a bank to cover Eugene and Dorothy's mortgage payments. Eugene told the court that he had not previously informed the court about that asset because "there's no equity in the house." The court found Eugene in contempt of court for failing to divulge information about the house, and he was ordered to serve thirty days in jail with no opportunity to purge the contempt.

■ The dispositive issue of this appeal involves the appropriate classification of the contempt. The most common classifications of contempt are criminal and civil. In *Baier v. Hampton*, 417 N.W.2d 801, —— (1987), we discussed the distinction between civil and criminal contempt:

"Generally, in distinguishing civil from criminal contempt, we look at the sanction and its nature and purpose, rather than the conduct.... If the sanction's purpose is coercive, that is, to induce performance of an act primarily for another's benefit, the contempt is civil.... If the contemptuous conduct has been concluded and the purpose of the sanction is to punish the offender and vindicate the authority of the court, the contempt is criminal." (Citations omitted.]

In that case, we concluded that an unconditional thirty day jail sentence demonstrated a sanction with a punitive purpose indicative of criminal contempt. Similarly, in this case, the unconditional thirty day jail sentence establishes a punitive purpose to vindicate the authority of the court. We therefore conclude that the court found Eugene in criminal contempt of court.

■ Our analysis next turns to a discussion of the procedural safeguards for finding an alleged contemnor in contempt of court. Both criminal and civil contempt can be direct and punishable summarily, or indirect and punishable only after notice and an appropriate hearing. *Klein v. Snider*, 253 N.W.2d 425 (N.D.1977); *LePera v. Snider*, 240 N.W.2d 862 (N.D.1976); see N.D.C.C. §§ 27–10–06 [direct civil contempt]; 27–10–07 et seq. [indirect civil contempt]; N.D.R.Crim.P. 42 [direct and indirect criminal contempt].[1]

1.  N.D.C.C. § 27–10–06, provides:
    "*27–10.06. Contempt committed in presence of judge punishable summarily—Order imposing punishment.* When an act punishable as a civil contempt by a court of record of this state is committed in the immediate view and presence of the court upon a trial or hearing, it may be punished summarily. Whenever such summary punishment is imposed, an order stating the facts which constitute the offense, reciting that the same occurred in such immediate view and presence, and plainly and specifically prescribing the punishment to be inflicted therefor, shall be made."
    N.D.C.C. § 27–10–07, provides:
    "*27–10–07. Order to show cause or warrant of attachment for contempt not committed in presence of judge.—W*hen an act punishable as a criminal or civil contempt by a court of record of this state is not committed in the immediate view and presence of the court, the

court, upon being satisfied by affidavit of the commission of the offense, shall:
    "1.  Make an order requiring the accused to show cause at a time and place therein specified why he should not be punished for the alleged offense; or
    "2.  Issue a warrant of attachment directed to the sheriff of any county where the accused may be found commanding him to arrest the accused and bring him before the court forthwith or at a time and place therein specified to answer for the alleged offense."
    To the extent that N.D.C.C. §§ 27–10–06 and 27–10–07 deal with criminal contempt, they are superseded by N.D.R.Crim.P. 42, which provides:
    "*(a) Summary Disposition.* A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts

In *Baier v. Hampton, supra,* 417 N.W. 2d at 805–806, we discussed the distinction between direct and indirect contempt in a similar context:

"Direct contempt involves conduct committed in the immediate view and presence of the court and may be punished summarily.... Indirect contempt involves conduct that occurs outside the immediate view and presence of the court and requires that the accused be afforded notice and a fair hearing....

"If the court has not personally observed the essential elements of the offense, or if the accused offers an excuse relating to matters outside the knowledge of the court, due process requires that the accused be afforded notice and a full opportunity to explain and defend.... Any doubt as to whether the contempt is direct or indirect should be resolved in favor of complying with the procedures for indirect contempt because the summary procedures for direct contempt are less favored than the procedural protections required for indirect contempt....

\*   \*   \*   \*   \*   \*

"Generally, prior perjury and false swearing, although occurring in court and witnessed by a judge, constitute indirect and not direct contempt, unless the falsity of the statement is admitted by the contemnor.... If the perjury or false swearing is not admitted and extrinsic evidence is necessary to establish the conduct or excusing circumstances, summary proceedings are inappropriate." [Citations omitted.]

While Eugene admitted that the first time the court was informed about the house was at the November 24 hearing, he

offered an excuse about that belated disclosure which related to matters outside the presence and knowledge of the court. Eugene's conduct thus constituted indirect criminal contempt, and he was entitled to the procedural protections of N.D.R.Crim. P. 42(b). This record does not establish that those protections were afforded him.

We therefore reverse the contempt order. Any further proceedings for that indirect criminal contempt must be conducted pursuant to N.D.R.Crim.P. 42(b).

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

and shall be signed by the judge and entered of record.

"*(b) Disposition Upon Notice and Hearing.* A criminal contempt, except as provided in Subdivision (a) of this Rule, shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the prosecut-

ing attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury as provided in Rule 23(a). He is entitled to release from custody as provided in Rule 46. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt, the court shall enter an order fixing the punishment."